366 So.2d 761 (1979)
A.B.A. INDUSTRIES, INC., etc., Appellant,
v.
CITY OF PINELLAS PARK, etc., Appellee.
No. 53822.
Supreme Court of Florida.
January 11, 1979.
*762 Herman W. Goldner of Goldner, Reams, Marger, Davis, Piper & Kiernan, St. Petersburg, for appellant.
Edward D. Foreman, St. Petersburg, for appellee.
HATCHETT, Justice.
The question presented is whether Section 171.0413(5), Florida Statutes (1977), which provides a procedure whereby municipalities annex contiguous unincorporated territory, is constitutional. We affirm the trial judge by declaring that section of the statute unconstitutional.[1]
The City of Pinellas Park sought to annex land owned by the appellant, A.B.A. Industries, Inc. In reply, A.B.A. Industries, Inc. filed suit for injunction to halt the scheduled annexation referendum alleging that the referendum failed to comply with the requirements of the annexation statute. The relevant section of the statute provides:
If the area proposed to be annexed is predominantly owned by individuals, corporations, or legal entities who are not registered electors of the area proposed to be annexed, such area shall not be annexed unless a majority of such individuals, corporations, or legal entities consent to such annexation. [Emphasis added.]
A.B.A. Industries, a corporation, was not a registered voter although it owned land in the target area. In support of its complaint for injunction, it showed that more than fifty percent of the land in the target area was owned by individuals, corporations, or legal entities who were "not registered electors of the area proposed to be annexed," and that the City of Pinellas Park had not attempted to obtain the consent of a majority of such owners. The trial judge held Section 171.0413(5), Florida Statutes (1977), (1) unconstitutionally vague and ambiguous, and (2) violative of the "one man, one vote" principle of the Fourteenth Amendment to the Constitution of the United States, and Article I, Section 2 of the Florida Constitution (1968).[2]
As to the vagueness point, the constitutionality of this statute depends upon the meaning of the words "predominantly owned" and the time when consent of land owners must be obtained. Appellant contends that the words "predominantly owned" means greater than 50 percent of the land area proposed to be annexed. It maintains that this construction uses the common meaning of the word "predominant" and is consistent with legislative intent. Appellant also argues that the consent *763 required by the statute is a condition precedent to the holding of the referendum. If the referendum is held prior to the obtaining of consent and consent is not obtained, says appellant, the cost of holding the election is wasted.
The appellee, City of Pinellas Park, urges that we uphold the trial court by finding that the statute is impressibly vague. Appellee says it is not clear whether the phrase "predominantly owned" refers to the number of individuals, corporations, or legal entities not registered to vote, or to the amount of land which is owned by unregistered individuals, corporations, or legal entities. The appellee also maintains that it is feasible to assume that the consent required by the statute must be obtained within a reasonable time after the referendum. By obtaining the consent after the referendum, says appellee, municipalities will avoid wasting money to obtain consent until the referendum is successful.
When construing statutes, the courts must assume that the Legislature intended to enact an effective law. Statutes are presumptively valid and constitutional, and will be given effect if possible. All doubts will be resolved in favor of constitutionality. Bonvento v. Bd. of Public Instruction of Palm Beach County, 194 So.2d 605 (Fla. 1967). Acts of the Legislature are presumed valid and an act will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt. Knight and Wall Co. v. Bryant, 178 So.2d 5 (Fla. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966).
The statute is constitutionally defective. It is vague and ambiguous. We agree with the appellee, City of Pinellas Park, that it is impossible to determine from the statute whether "predominantly owned" refers to the number of individuals, corporations, or legal entities not registered to vote (number of owners), or to the amount of land area to be annexed which is owned by individuals, corporations, or legal entities not registered to vote. Must the number of unregistered land owners be "predominant" when compared to the number of registered voters in the area? Must the proportion of the land mass to be annexed which is owned by the unregistered voters be "predominant" when compared to the amount of the same land mass owned by registered voters? If the statute refers to the amount of land area owned by unregistered property owners, does the statute require consent from the majority of the unregistered owners owning land in the area to be annexed who own more than 50 percent of that area, or does it require some greater percentage? Must consent be obtained by the annexing authority before the referendum, after the referendum, or at any time, without limit? We are unable to answer these questions by reading the statute. It cannot be left to the judiciary to determine when an area is "predominantly owned" according to its definitions and notions; the guidelines and definitions must be set out by the Legislature.
We hold that Section 171.0413(5), Florida Statutes (1977), is unconstitutionally vague and ambiguous. In light of this holding, we need not determine whether the statute is violative of the "one man, one vote" principle embodied in the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Florida Constitution.
Accordingly, the order of the trial judge, as limited, is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.
ALDERMAN, J., concurs specially with an opinion, with which ADKINS, J., concurs.
ALDERMAN, Justice, concurring specially.
I agree that Section 171.0413(5) is vague and ambiguous and therefore constitutionally defective. It is clear, however, that the legislature intended to give landowners who were not registered electors of the area *764 proposed to be annexed a voice in the annexation of their property. The statute is defective because it does not delineate with the required degree of specificity those conditions under which the consent of the unregistered landowners must be obtained. This is a defect that can be remedied by the legislature. Our decision today does not hold that owners of land within an area proposed to be annexed may not be given a voice in the annexation of their property, even if they are not registered electors of the area to be annexed. A properly drafted statute may be valid. We simply hold that Section 171.0413(5) is not.
ADKINS, J., concurs.
NOTES
[1] Our jurisdiction is provided by Art. V, Sec. 3(b)(1), Fla. Const.
[2] Although the judge's order seems to declare the entire statute unconstitutional, the parties agree, and we find from the record, that the only section of the statute called to the trial judge's attention and argued by the parties was subsection (5). Under all the circumstances here present, we find no legal significance in the fact that two judges participated in the disposition of this case.