407 So.2d 302 (1981)
Thomas MILLS and Dorothe Krayer, Public Officers, Acting in Their Official Capacities, Appellant,
v.
Rohalier PHILLIPS, in the Interest of Debra Phillips, a Minor, Appellee.
No. 80-967.
District Court of Appeal of Florida, Fourth District.
December 14, 1981.
*303 Michael E. Jackson, West Palm Beach, for appellant, The School Bd. of Palm Beach County.
Rendell Brown of Brown & Weaver, West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal by the School Board of Palm Beach County from a temporary order which enjoined the School Board from suspending a student. The School's suspension order in question is not clearly moot, but we entertain this appeal and decide the issues because they involve the authority and duties of public officials in the administration of public responsibilities and are of general interest. See Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961). We find no error and reverse.
Debra Phillips is a student whose parents are divorced. Under the final judgment of dissolution of marriage, which was entered by the Circuit Court in Palm Beach County, the mother was given custody of the parties' minor child. The appellee/father became embroiled in School Board suspension proceedings regarding his minor daughter. Appellee filed suit for a mandatory injunction and for mandamus against the principal of his daughter's high school and the superintendent of the School Board of Palm Beach County. The suit sought to redress alleged deprivations of appellee's daughter's right to due process, representation of counsel, and other matters relating to a suspension hearing.
Although there was evidence of some limited cooperation between the School Board and the father, it is clear that the School Board took the official position that the custodial parent, the mother, was the party responsible for making the educational decisions regarding the child. The School Board sent notice of proposed suspension to the mother and gave her the opportunity to request a hearing. Initially the mother chose not to request a hearing but at a later point, the mother attended one hearing relating to her daughter's proposed discipline.
We reverse the order which granted the temporary injunction because we conclude that the father, as the non-custodial parent, did not have standing to bring the action on behalf of his daughter. The issue of appellee's standing was specifically raised by the School Board and the initial complaint filed by appellee himself demonstrated that he was the non-custodial parent and that both parents were, in fact, at odds regarding the educational decisions to be made concerning their daughter. Under these circumstances the court erred in not granting the School Board's motion to dismiss based on lack of standing.
Section 744.301, Florida Statutes (1979), provides in part:
If the marriage between the parents is dissolved, the natural guardianship shall belong to the parent to whom the custody of the child is awarded.
Section 744.361, Florida Statutes (1979), provides in part:
(1) It is the duty of the guardian of the person to take care of the person of the ward, to treat him humanely, and, if he is a minor, to see that he is properly educated and that he has the opportunity to learn a trade, occupation, or profession.
There appear to be no decisions in Florida directly ruling upon the right of a non-custodial parent to make educational decisions for children in custody of the other parent. Certainly, under the above statutes the non-custodial parent is not legally empowered to make such decisions and he or she should not have standing to sue the School Board to enforce such decisions against the wishes of the custodial parent. In Bennett v. Bennett, 73 So.2d 274 (Fla. 1954), the Florida Supreme Court indicated that the custodial parent had the prerogative of making educational decisions.
Although Bennett did not discuss the issue in the context of a custodial versus non-custodial parent, the general law throughout the country is clearly to the *304 effect that the grant of custody of a child of divorced parents carries with it, in the absence of some extraordinary and highly unusual circumstances, the right of the custodial parent to make decisions as to the child's education. Fanning v. Warfield, 252 Md. 18, 248 A.2d 890 (1969). In Montandon v. Montandon, 242 Cal. App.2d 886, 52 Cal. Rptr. 43 (1966), the California court held the party to whom custody of children is granted in a divorce decree has the prerogative of selecting the religious, cultural, and educational institutions which the child should attend. Also see Lerner v. Superior Court, 38 Cal.2d 676, 242 P.2d 321 (1952). In Jenks v. Jenks, 385 S.W.2d 370 (Mo. App. 1964), the court held that the award of custody in a divorce decree carries with it the right to direct the education and place of education of the child. New York follows the same reasoning as exemplified by Mester v. Mester, 58 Misc.2d 790, 296 N.Y.S.2d 193 (1969), wherein the court held that the nature and extent of education, lay or secular, of a child is a value judgment committed to the parent having custody. The court held that such decisions should only be interfered with by the courts upon a positive demonstration of harm to the child.
We conclude that the above precedents require a ruling that a non-custodial parent, absent some extraordinary circumstance, has no standing to sue the School Board on behalf of his or her children to enforce decisions regarding their education which are at odds with the desires or actions of the custodial parent. The trial court thus erred in granting the temporary injunction when it was shown, without contest, that the non-custodial parent was proceeding on behalf of the child and where no extraordinary circumstances such as illness or unavailability of the custodial parent was involved. We do not imply by this decision that the non-custodial parent is without remedy. He or she certainly has standing to petition the court with jurisdiction over the dissolution of marriage for relief when necessary for the best interests of the child. Section 61.13, Florida Statutes (1979).
This ruling does not directly relate to the administrative procedures regarding suspension of children nor does it constitute any ruling on the function of the courts in reviewing suspension decisions by the School Board. The question addressed is simply the right or standing of the non-custodial parent to sue the School Board on behalf of the child who remains in the legal custody of the custodial parent. The order granting the temporary injunction below is hereby vacated.
ORDER VACATED.
DOWNEY and MOORE, JJ., concur.