409 So.2d 175 (1982)
Chanh V. CONNELLY, Appellant,
v.
Thomas V. CONNELLY, Appellee.
No. 81-905.
District Court of Appeal of Florida, Second District.
January 29, 1982.
*176 Ronald P. Teevan of Cooper, Rives, Strohauer & Teevan, Clearwater, for appellant.
William C. Gregg, III, Clearwater, for appellee.
BOARDMAN, Acting Chief Judge.
Chanh V. Connelly, the wife, appeals portions of the final judgment of dissolution of the parties' marriage and raises two issues that we deem meritorious.
First, the trial court awarded exclusive possession and occupancy of the marital home to the wife with the customary provisions for termination. The wife was ordered during the period of occupancy to pay the monthly mortgage payments, maintenance, utilities, and taxes. In light of the wife's expenses, assets, and limited ability to be gainfully employed as reflected in her financial affidavit, and taking into consideration the husband's ability to pay as disclosed in his financial affidavit, we conclude that this ruling was error constituting an abuse of discretion by the trial court. Moreover, since the home is jointly owned, the judgment would require the wife to build the husband's equity in the property. The husband should be required to pay one-half of the mortgage payments, taxes, insurance, and necessary repairs. Waskin v. Waskin, 346 So.2d 1060 (Fla.3d DCA 1977).
Second, the provision granting the husband the right to determine whether the parties' minor child should attend public or private school and the provision requiring the wife to pay the costs of the child's schooling should the husband prefer that the child attend private school must be stricken. An excellent discussion of this issue, the reasoning of which we adopt, is contained in a recent fourth district case not factually on point; that discussion reads as follows:
Section 744.301, Florida Statutes (1979), provides in part:
If the marriage between the parents is dissolved, the natural guardianship shall belong to the parent to whom the custody of the child is awarded.
Section 744.361, Florida Statutes (1979), provides in part:
(1) It is the duty of the guardian of the person to take care of the person of the ward, to treat him humanely, and, if he is a minor, to see that he is properly educated and that he has the opportunity to learn a trade, occupation, or profession.
There appear to be no decisions in Florida directly ruling upon the right of a non-custodial parent to make educational decisions for children in custody of the other parent... . In Bennett v. Bennett, 73 So.2d 274 (Fla. 1954), the Florida Supreme Court indicated that the custodial parent had the prerogative of making educational decisions.
Although Bennett did not discuss the issue in the context of a custodial versus non-custodial parent, the general law throughout the country is clearly to the effect that the grant of custody of a child of divorced parents carries with it, in the absence of some extraordinary and highly unusual circumstances, the right of the custodial parent to make decisions as to the child's education. Fanning v. Warfield, 252 Md. 18, 248 A.2d 890 (1969). In Montandon v. Montandon, 242 Cal. App.2d 886, 52 Cal. Rptr. 43 (1966), the California court held that the party to whom custody of children is granted in a divorce decree has the prerogative of selecting the religious, cultural, and educational institutions which the child should attend. Also see Lerner v. Superior Court, 38 Cal.2d 676, 242 P.2d 321 (1952). In Jenks v. Jenks, 385 S.W.2d 370 (Mo. App. 1964), the court held that the award of custody in a divorce decree carries with it the *177 right to direct the education and place of education of the child. New York follows the same reasoning as exemplified by Mester v. Mester, 58 Misc.2d 790, 296 N.Y.S.2d 193 (1969), wherein the court held that the nature and extent of education, lay or secular, of a child is a value judgment committed to the parent having custody. The court held that such decisions should only be interfered with by the courts upon a positive demonstration of harm to the child.
Mills v. Phillips, 407 So.2d 302, at 303-304 (Fla. 4th DCA 1981).
We agree with the other jurisdictions cited in Phillips that absent highly unusual circumstances the right to make educational decisions concerning a child of divorced parents must be left with the custodial parent. We agree with the wife here that her ability to determine whether her child is being positively or negatively affected by his school situation is far superior to that of the husband, since she sees and interacts with him on a daily basis, whereas the husband does not. There being no extraordinary or unusual circumstances here which would indicate that the wife, who has been found a sufficiently fit parent to merit custody of the child, is incapable of acting in his best interests concerning his education, the trial court erred in relieving her of this responsibility over her objection.
We have considered the other issues raised by the wife and hold that each of them was decided within the trial court's discretion.
Accordingly, the case is remanded to the trial court with directions to amend the final judgment consistent with this opinion. In all other respects the final judgment is affirmed.
OTT and RYDER, JJ., concur.