413 So.2d 1261 (1982)
Paul F. WALLACE, Appellant,
v.
Beverly McFarlan WALLACE, Appellee.
No. 81-1719.
District Court of Appeal of Florida, Second District.
May 14, 1982.
*1262 John M. Edman of Meros, Coit, Edman, Meros, Smith & Meros, P.A., St. Petersburg, for appellant.
Mark C. Payne of Goza, Hall, Peters & Smith, P.A., Clearwater, for appellee.
HOBSON, Acting Chief Judge.
Paul Wallace (husband) appeals a portion of a final order in favor of his former wife, Beverly Wallace (wife), which held that he did not have the right to determine the extent of his daughter's schooling. We reverse.
The Circuit Court for Pinellas County entered a final judgment of dissolution of marriage between the parties in 1968 and awarded the wife custody of their two minor children, Nancy and Paul, Jr., subject to reasonable visitation privileges. The court incorporated into the judgment a property settlement agreement entered into by the parties. In September 1980, the wife filed a motion for contempt claiming a violation of paragraph 8 of the agreement which provided as follows:
8. The husband agrees to furnish the necessary funds for the proper higher education of said children in future years; provided that if at the time the children become of age or prepared for such higher education the husband is unable financially to provide funds for the higher education of said children, he may seek modification of such obligation and any decree requiring the same. At all times the husband shall have the right to participate in the determination of the school or schools which said children shall attend and the schooling or extent thereof that the same, and each of them, shall receive.
Specifically, the wife alleged that the husband had refused upon demand to tender funds for Nancy to attend a particular private college in California. The court, after conducting a hearing to determine the monetary obligation of the husband under paragraph 8 of the agreement, entered an order. Paragraph 2 of the order provides as follows:
2. The Husband/Respondent does not have the right to determine the extent of the schooling that he will provide to his daughter, NANCY SCOTT WALLACE.
The husband argues that the court improperly modified the last sentence of paragraph 8 of the property settlement agreement. The wife contends that the court did not modify paragraph 8, but, instead, correctly interpreted it to read that the husband may participate in the determination of the extent of Nancy's schooling but cannot solely determine the extent of her schooling. We agree with the husband.
At the outset, we note that this court recently held that, absent highly unusual circumstances, the right to make educational decisions concerning a child of divorced parents must rest with the custodial parent. Connelly v. Connelly, 409 So.2d 175 (Fla. 2d DCA 1982). There we vitiated a provision of a marriage dissolution judgment granting a husband who did not have custody of the parties' minor child the sole right to determine whether their child should attend public or private school and eliminated a provision requiring the wife to pay the costs of the child's schooling should the husband choose that the child attend private school. Connelly, however, is distinguishable. Nancy is an adult. Further, the parents entered into an agreement in paragraph 8 that it would be best for Nancy if both parents participated in the decisions regarding the schools which Nancy would attend and the extent of her schooling. Under such circumstances, we believe that the rule of Connelly is inapplicable.
Paragraph 2 of the order, read by itself, appears at first glance to correctly interpret paragraph 8 of the agreement. But when read in conjunction with paragraphs 3 and 4 of the order[1], it is evident that paragraph 2 *1263 modifies paragraph 8. Paragraph 3 requires that the husband pay a designated sum for Nancy's 1980-81 and 1981-82 college school years. Paragraph 4 states as follows:
Subsequent to June, 1982 and prior to the school year 1982 through 1983, this Court would review the school records of NANCY SCOTT WALLACE to determine if in this Court's opinion, NANCY SCOTT WALLACE'S progress has been satisfactory, and if so, the Husband/Respondent should provide additional funds for her higher education. This review shall take place again in the summer of 1983.
Thus, in effect, the husband cannot solely determine the extent of Nancy's schooling or even participate in the determination of the extent of her schooling. The court itself is to determine the extent of her schooling. Hence, the court modified paragraph 8 of the agreement through paragraphs 2 and 4 of its order. The only question which remains is whether the modification was proper in the proceedings below.
The court issued its order upon the wife's motion to ascertain the monetary obligation of the husband pursuant to paragraph 8. The wife never filed a petition for modification of the dissolution judgment. A court cannot modify a decree unless the issue of modification is presented in appropriate proceedings and each party is afforded an opportunity to be heard on such issue. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982). An order adjudicating an issue not presented by the pleadings nor litigated by the parties during the hearing on the pleadings is, at least, voidable on appeal. Cortina; Manning; Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980); Taylor v. Taylor, 376 So.2d 27 (Fla. 2d DCA 1979). It was, therefore, improper for the court to modify paragraph 8 in the proceedings to determine the husband's monetary obligation under that paragraph.
Accordingly, we reverse paragraphs 2 and 4 of the order and remand with instructions to strike those paragraphs. We leave untouched the other portions of the order.
REVERSED and REMANDED.
OTT and DANAHY, JJ., concur.
NOTES
[1] Paragraph 1 of the order states that husband shall furnish the necessary funds for the proper higher education of Nancy if she maintains satisfactory performance. This paragraph is essentially in compliance with the first sentence of paragraph 8.