**SYDNEY, et al., Plaintiffs,**

v.

**David PINGREE, et al., Defendants.**

**No. 82–8291–CIV–JAG.**

United States District Court,
S.D. Florida,
West Palm Beach Division.

Dec. 17, 1982.

Final Judgment Entered Jan. 17, 1983.

James K. Green, Green, Eisenberg & Cohen, West Palm Beach, Fla., for plaintiffs.

Stephen W. Huss, Florida Dept. of Rehabilitative Services, Tallahassee, Fla., for defendants.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon cross motions for summary judgment.

---

The plaintiffs in this case, Chris Ledbetter, Dean Skylar, and their son Sydney, bring this suit pursuant to 42 U.S.C. § 1983 and the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, to determine the constitutionality of Florida Statute § 382.16(5). Because the plaintiffs allege that Sydney was conceived and born in wedlock, this case presents only the question of the constitutionality of § 382.16(5)(a). This section provides that a child conceived and born in wedlock shall be given the surname of his father on his birth certificate.

In April 1982, plaintiffs Ledbetter and Skylar requested permission from the Department of Health and Rehabilitative Services of the State of Florida to use the name "Skybetter", a combination of the parents' surnames, as their child's surname. The Department of Health and Rehabilitative Services denied the plaintiffs' request, relying on Florida Statute § 382.16(5).

On June 6, 1982, plaintiff Ledbetter gave birth to plaintiff Sydney. The following day plaintiff Skylar completed the birth certificate application form using "Skybetter" as the child's surname. Because the child's surname was different from that of his father, the application was not accepted by the hospital official responsible for transmitting birth certificate information to the Office of Vital Statistics. To this date, plaintiff Sydney has no officially recognized surname and no birth certificate has been issued to the child.

The plaintiffs seek a declaratory judgment that Florida Statute § 382.16(5) is unconstitutional, an injunction enjoining the defendants from enforcing the statute and from enacting similarly unconstitutional statutes, a mandatory injunction requiring the defendants to issue a birth certificate to Plaintiff Sydney with the surname chosen by his parents, and other appropriate relief.

■ Our first inquiry is whether the statute in question intrudes upon a constitutionally protected right of the plaintiffs. Following the reasoning of the United States Supreme Court in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), this court concludes that the due process clause of the Fourteenth Amendment protects the plaintiffs' right to choose the name of their child from arbitrary state action.

The Court's decision in *Roe v. Wade* and other privacy cases, *e.g. Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967), hold that the liberty component of the due process clause of the Fourteenth Amendment encompasses a freedom of choice in certain matters of marriage and procreation. *See Florida Women's Medical Clinic, Inc., et al., v. Jim Smith, et al.,* 536 F.Supp. 1048, at 1052–1053 (S.D.Fla.1982). This constitutional right of liberty and privacy is broad enough to include the right of parents to choose a name for their child. *Jech v. Burch,* 466 F.Supp. 714, 719 (D.Hawaii 1979).

■ Since parents have a constitutionally protected right to choose the name of their child, the state must at least show that any intrusion on that right has a reasonable relationship to some state purpose. The state has failed to show any reasonable justification for intruding on the parents' right; thus it is unnecessary for this court to determine whether something more than a reasonable relationship must be shown.

In conclusion, the court having found that there is a constitutional right of parents to choose the name of their child, and the state having shown no reasonable justification for impinging upon that right, the court holds that Florida Statute § 382.16(5)(a), which requires that a child conceived and born in wedlock shall be given the father's surname, is unconstitutional.

It is accordingly

ORDERED AND ADJUDGED as follows:

1) That the Plaintiffs' Motion for Summary Judgment be and the same is hereby GRANTED.

2) That the Defendants' Motion for Summary Judgment be and the same is hereby DENIED.

3) That Plaintiffs shall submit a proposed form of final judgment.