FRANK, Judge.
The appellant, the husband in this dissolution of marriage proceeding, has appealed from an order modifying the final judgment of dissolution of marriage and from a subsequent order in which the trial court refused to find him in contempt but did impose upon him the obligation to pay his former wife, the appellee, $2,000.00 as interest upon the unpaid lump sum alimony. We vacate the award of $2,000.00 to the appellee as “interest” on the unpaid lump sum alimony. The trial court was without authority to fashion such an award.
The final order dissolving the marriage directed shared parental responsibility for the child whose primary physical residence is with the appellant. The appellant was awarded the marital home and the appellee was granted lump sum alimony in an amount equalling one-half of the mortgage payments paid during the period of joint occupancy. The appellee was ordered to pay $150.00 per month to the appellant as her portion of the child support. Subsequently, the trial court decreased the lump sum alimony awarded the appellee to $10,-000.00. The appellant defaulted in the payment of the $10,000.00 and the appellee moved the trial court for an order adjudicating him in contempt. Ultimately, the appellant and the appellee agreed to an arrangement in which the appellee’s $150.00 per month child support payments would be credited against the $10,000.00 until the total of that amount is satisfied.
The trial court further determined “that since respondent [appellee] will not receive the alimony award in a lump sum and therefore [will] lose the income such lump sum could earn, that Respondent is entitled to an additional $2,000.00 to compensate for the loss of such income.”
Although the appellant has only contested the amount of the $2,000.00 award as excessive, we hold that such an award was beyond the trial court’s authority and hence, an improper modification of the final judgment. “A mere motion for contempt does not form the basis for modification of a final judgment.” Kordak v. Williams, 404 So.2d 1137 (Fla. 4th DCA 1981). There is no indication in the record before us that the appellee ever sought modification of the final order or that the appellant was aware that the contempt proceeding would result in a modification of the judgment. “A court cannot modify a decree unless the issue of modification is presented in appropriate proceedings and each party is afforded an opportunity to be heard on such issue.” Wallace v. Wallace, 413 So.2d 1261 (Fla. 2d DCA 1982). See also Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981).
*317 Accordingly, we remand this case to the trial court to vacate that portion of its order awarding $2,000.00 to the appellee for lost interest upon the unpaid lump sum alimony. The appellee, of course, is not barred from seeking the trial court’s revisi-tation of this issue in an appropriate proceeding. In all other respects the trial court’s orders are affirmed.
SCHOONOVER, A.C.J., and LEHAN, J., concur.