## PERRY v STATE OF FLORIDA

### Case No. 85-1606

Second Judicial Circuit, Leon County

June 24, 1986

### APPEARANCES OF COUNSEL

**David J. Busch** for plaintiff.

**Elaine K. Ashley,** Assistant State Attorney, for defendant.

### OPINION OF THE COURT

P. KEVIN DAVEY, Circuit Judge.

Alex Perry appeals his conviction and sentence for violation of Florida Statute § 893.13(2)(a)(5) citing myriad grounds for reversal. A discussion of these grounds is warranted.

### *SIMILAR FACT EVIDENCE*

Appellant strongly urges that the trial court erred in permitted the State to introduce evidence of prior instances of apparent drug use at

92

"Perry's Disco." The State's noncompliance with the ten-day notice requirement of Florida Statute § 90.404(2)(b)1 is posited as the basis for error. Although both trial counsel and the Court discussed the applicability of the "Williams Rule" to this evidence, the Court ultimately[1] and correctly admitted this testimony as evidence relevant to an element of the crime charged, pursuant to Florida Statute § 90.402.[2] This evidence was admitted to prove that the place in question (Perry's Disco) "was resorted to by persons using controlled substances" which is in fact an element of the crime alleged. The trial court carefully protected the Defendant from prejudicial, propensity evidence by sanitizing the testimony of any reference to Mr. Perry's presence or knowledge on the prior occasions of apparent drug use by certain patrons. (Record Page 120.)

## THE CONFRONTATION AND DUE PROCESS CLAUSES

Appellant's rights under the Fifth and Sixth Amendments to the U. S. Constitution and the parallel provisions of the Florida Constitution were not violated by the trial court's restrictions on defense counsel's questioning of witnesses Junius and Glover. The trial court, with its superior vantage point, made a factual determination that the necessary inconsistency was lacking. This was a proper exercise of the court's discretion.

This Court's agrees that the distinctions between the trial testimony of Junius and Glover, the probable cause affidavit and the notes used for refreshing collection are miniscule and "inconsequential." (Record Page 189.) The defense was not entitled during either cross or direct examination to attempt an impeachment of these witnesses by introducing these "statements" because they were not inconsistent with the trial testimony. (Florida Statute § 90.608(1)(a).)

## SUFFICIENCY OF THE EVIDENCE

Upon conclusion of the State's case, the defense moved for a directed verdict of acquittal. In denying this motion, the trial court stated that there was "at least a scintilla of evidence that would permit the jury to return a verdict." (Record Page 205.) Appellant seizes upon this comment as grounds for its argument that the trial court applied an incorrect legal standard in testing the sufficiency of the evidence. This Court is not persuaded that the trial court utilized the inappropriate

---

[1] Record at Page 102.

[2] See Professor Charles Ehrhardt's discussion of Wigmore's resolution of this issue in section 404.16, *Florida Evidence* 2d Ed. (1984).

test or that there was insufficient evidence pertaining to the elements of the crime to direct a verdict.

There was abundant evidence that the Defendant kept or maintained the premises in question. There was also clear and sufficient evidence that the premises were resorted to by persons using the controlled substance marijuana. Proof of this element was presented in the testimony of both Junius and Glover, who were qualified to give such testimony. Appellant's argument that the State was required to adduce proof via chemical analysis that the substance used at Perry's Disco was cannabis is rejected. *Turner v. State*, 388 So. 2d 254 (Fla. 1st DCA 1980); *A. A. v. State*, 461 So.2d 165 (Fla. 3d DCA 1984).

Finally, there was evidence presented to demonstrate that the Defendant Perry knew or should have known that persons were resorting to using controlled substances at the establishment which he kept and maintained. This evidence was adduced in the testimony of Joseph Gandy. (Record Page 77-79). Scienter is rarely subject to direct proof. Because it is a thought process it must be inferred from the surrounding circumstances. Circumstantial evidence is generally relied upon to prove such knowledge. There was sufficient circumstantial evidence of the Defendant's scienter to refer the issue to the jury for its factual determination. The trial court properly denied the Defendant's Motion for Directed Verdict.

## THE CONSTITUTIONAL QUESTION

Appellant's primary thrust in this appeal is that the statute in question is unconstitutional due to vagueness, overbreadth and/or its failure to include the word "knowingly" in its text.[3]

At the outset it should be noted that statutes are presumptively valid and constitutional, and no statute should be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt. *A.B.A. Industries, Inc. v. Pinellas Park*, 366 So.2d 761 (Fla. 1979). Balanced against this proposition is the Court's duty to invalidate a statute which is repugnant to constitutional principles or in conflict with organic law.

The statute at issue in this case provides as follows:

"(2)(a) It is unlawful for any person: 5. To keep or maintain any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place which is resorted to by persons using

---

[3] there are other variations and sub-arguments presented by Appellant, but they are rejected and need no elaboration. Further, the Court rejects the Appellee's contention that Perry lacks standing to raise this issue. *State v. Benitez*, 395 So.2d 514 (Fla. 1981).

94

controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter."

Appellant's constitutional challenge on overbreadth and vagueness grounds requires that this Court conduct a three-part analysis. *McKenney v. State*, 388 So. 2d 1232 (Fla. 1980).

First, the statute in question, while arguably having an impact on rights of free association, does not unconstitutionally infringe upon such rights. The activity proscribed is directly related to preventing the unlawful use or sale of controlled substances, unquestionably a proper exercise of the state's police power.[4] Patrons of Appellant's establishment are only hindered from "freely associating" if they are engaged in this type of illicit activity. This statute is not overbroad because it does not reach a "substantial amount of constitutionally protected conduct." See *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 71 L. Ed. 2d 362 (1982).

Secondly, persons of ordinary intelligence would have no difficulty in discerning the nature of the prohibited activity. Although Appellant has concocted an array of hypothetical situations in raising doubts as to whether there could be constitutional prosecutions, the mere possibility of these marginal, case scenarios does not render the enactment unconstitutionally vague. *United States Civil Service Commission v. National Association of Lettercarriers, AFL-CIO*, 413 U.S. 548, 37 L. Ed.2d 796 (1973); *State v. Dye*, 346 So. 2d 538 (Fla. 1977). Further, a person whose conduct clearly falls within a statute's prohibition cannot contend that he has been denied adequate notice. *McKenney* at 1233.

The third inquiry involves the testing of a statute to determine whether it vests undue discretion in those charged with the responsibility of enforcement and prosecution. A plain reading of the statute reveals that its terms have been drafted with sufficient precision to reasonably control and direct law enforcement officials in their determination of impermissible activity.

Finally, Appellant contends that the statute is constitutionally defective because knowledge or scienter is not specifically included in the

---

[4] In *Jolley v. City of Jacksonville*, 281 So.2d 901 (Fla. 1st DCA 1973), the First District in upholding a municipal ordinance which proscribed mere presence in a place where narcotics were being used, stated:

"[I]n our view, it is perfectly legitimate for a legislative body to enact statutes or ordinances which have as their purpose and goal a prevention of the practice of visiting or being in a place where narcotics are knowingly used unlawfully."

text. Concomitantly, he argues that the trial court improperly assumed a legislative function when it entered an order requiring the state to prove knowledge as an element of the crime. (Record Page 37.) These contentions likewise must fail.

The element of knowledge or scienter is implied in the statute. The absence of the word "knowingly" from the statute's text does not render the statute invalid.[5] In determining the constitutionality of legislation, courts have a duty to construe provisions in a manner to uphold rather than invalidate, if there is a reasonable basis for doing so. *Dunedin v. Besne*, 90 So. 2d 300 (Fla. 1956); *State v. Keaton*, 371 So. 2d 86 (Fla. 1981). An act of the legislature should never be stricken, if there is any reasonable theory upon which it can be upheld. *Rabin v. Conner*, 174 So.2d 721 (Fla. 1965).

The trial court, in requiring the State to prove that Appellant either knew or should have known of the illicit activity at his establishment properly[6] followed this principle and charged the jury appropriately.

Accordingly, it is, therefore, the judgment of this Court that the F. S. § 893.13(2)(a)5 is constitutional and that the Appellant's conviction and sentence should be and hereby is AFFIRMED.

---

[5] *State v. Craig*, 413 So.2d 863 (Fla. 1st DCA 1982) and *Williams v. State*, 413 So.2d 1261 (Fla. 1st DCA 1982) provide two of many examples where knowledge is made an element of a crime, despite the absence of the word from the text of the statute.

[6] It would have been error for the trial court to have refused to require proof of this element or to instruct the jury accordingly. *Williams v. State*, 413 So.2d 1261 (Fla. 1st DCA 1982).