523 So.2d 678 (1988)
Robin Arlene ROBERTSON f/k/a Robin Arlene Pfister, Appellant,
v.
Edward Anthony PFISTER, Appellee.
No. 87-1258.
District Court of Appeal of Florida, Fourth District.
March 23, 1988.
Rehearing Denied May 4, 1988.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for State of Florida, Dept. of H.R.S.
*679 LETTS, Judge.
The mother here appeals an order granting the father's request to have his surname, rather than the mother's, given to the child. We affirm.
The child was conceived during the marriage, a divorce quickly followed and in the Final Judgment of Dissolution the trial court authorized the restoration of the mother's maiden name to "Robertson." The birth took place after the dissolution, and the mother gave the child the surname "Robertson." Contesting this, the father averred that naming the child after the mother's maiden name was contrary to section 382.16, Florida Statutes (1985). The mother countered claiming that section 382.16 is unconstitutional. Section 382.16, Florida Statutes (1985), states in part:
(5)(a) If the mother was married at the time of conception, the name of her husband at such time shall be entered on the certificate as the father of the child, and the surname of the child shall be entered on the certificate as that of the husband, unless paternity has been determined otherwise by a court of competent jurisdiction.
The mother argues on appeal that the statute intrudes on parents' joint rights to choose the child's name and that there is no legitimate governmental interest warranting protection, citing Sydney v. Pingree, 564 F. Supp. 412 (S.D.Fla. 1982). In Sydney, the court said:
In conclusion, the court having found that there is a constitutional right of parents to choose the name of their child, and the state having shown no reasonable justification for impinging upon that right, the court holds that Florida Statute § 382.16(5)(a), which requires that a child conceived and born in wedlock shall be given the father's surname, is unconstitutional.
However, in the case before us now, we find that the state has shown a reasonable justification for impinging upon that right, namely the desire to insure the accuracy and reliability of its vital statistics. We believe that is a legitimate health and welfare concern of the state. Oglesby v. Williams, 484 F. Supp. 865 (M.D.Fla. 1980).
Those who seek to set a statute aside have the burden of proof, beyond all reasonable doubt, to establish that the challenged provision is in conflict with some designated article of the constitution. A.B.A. Industries, Inc. v. City of Pinellas Park, 366 So.2d 761 (Fla. 1979). The mother has not carried that burden here.
In keeping with the times, we note that the above-cited statute has recently been amended to provide that the father and the mother are to share in the selection of the given names and the surname of the child if both of them are to have custody. If only one parent is to have custody, then the amendment provides the custodial parent shall select the surname of the child. See § 382.013(5)(a), Fla. Stat. (1987). However, this amendment, enacted in 1987, is not applicable here.
The mother also argues that even if section 382.16(5)(a), Florida Statutes, is constitutional, the trial court should have allowed the child's surname to remain as "Robertson" because it was in the best interests of the child. However, the father proceeded under the statute and section 382.16(5)(a) nowhere addresses the issue of what is in the best interests of the child. The statute is precise and addresses itself solely to the naming of a child at birth. The child's name at birth and a change of name later are two separate and distinct considerations. If a change of name is in the best interests of the child, there is nothing to prevent the mother from petitioning the court for such relief hereafter.
AFFIRMED.
HERSEY, C.J., and GLICKSTEIN, J., concur.