PER CURIAM.
A.A. appeals the dismissal of his complaint with prejudice. We affirm as clarified below.
With regard to A.A.’s own claims, A.A. is already under a duty to provide support for his children. The complaint indicates that such expense as A.A. may have incurred was incurred in furtherance of the duty of support or as a volunteer. If A.A. believes that events have occurred which would justify an adjustment in his support obligation by reason of events transpiring in the residential household, then that matter should be called to the attention of the trial judge having jurisdiction over the child custody decree. That is the exclusive remedy for A.A.
With respect to the claims on behalf of A.A.’s children, we are in agreement with two of our sister courts that the parent having primary residential custody is the one who has standing to bring a suit on behalf of the child for an alleged injury to the child. Lusker v. Guardianship of Lusker, 434 So.2d 951 (Fla. 2d DCA 1983); Mills v. Phillips, 407 So.2d 302 (Fla. 4th DCA 1981). The burden and stress of a civil action on behalf of the child will inevitably fall primarily on the primary residential parent, who will need to provide the primary support and guidance to the child. For that reason we follow the rule announced by the second and fourth districts.
In the event there is a bona fide claim which the primary residential parent refuses to bring, then that issue should be presented to the trial judge having jurisdiction over the child custody decree, who can assess the situation and, with the assistance of a guardian ad litem if necessary, determine whether the children have claims which should be pursued despite the objection of the primary residential parent. In the latter circumstance, the trial court can make a determination who should pursue such a claim.[1]
*624 We therefore entirely agree with the trial court’s order dismissing the suit, but clarify that it is without prejudice to address the issues to the court having jurisdiction over child custody and support.
Affirmed as modified.

. Where, as here, there is an allegation of wrongdoing by a member of the household hav *624 ing primary residential custody, it would be inappropriate, and create entirely too much potential for harassment and abuse, to permit A.A., the non-custodial parent, to pursue such claims. Assuming the trial court were satisfied that any claim should be pursued, an entirely neutral guardian ad litem should be employed.