# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

January 16, 1998

Cecil W. Crowson
Appellate Court Clerk

IN RE:                              )     Davidson Probate
                                    )     No. 97P-83
AMELIA JEAN DOWLING                 )
a/k/a                               )
AMELIA JEAN BERLE,                  )     Appeal No.
a minor                             )     01A01-9706-PB-00268
                                    )

## APPEAL FROM THE DAVIDSON COUNTY PROBATE COURT
## NASHVILLE, TENNESSEE

## THE HONORABLE FRANK G. CLEMENT, JR., JUDGE

For Plaintiffs/Appellants:                 Guardian Ad Litem:

Bridgett A. Wohlpart                        Marlene Eskind Moses
Nashville, Tennessee                        Eisenstein, Moses & Mossman
                                            Nashville, Tennessee

## REVERSED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves the efforts of parents to change the surname of their infant child. The parents used the father's surname on the child's birth certificate because the hospital in which the child was born refused to place the surname chosen by the parents on the child's birth certificate. The parents then filed a petition in the Davidson County Probate Court seeking to change the child's surname. Following a bench trial, the probate judge denied the petition after determining that the parents had failed to demonstrate that changing the child's surname was in her best interests. This court appointed a guardian ad litem to represent the child's interests on appeal independently of her parents. The parents have demonstrated that changing their daughter's surname to the one they have chosen for her is in the child's best interests. Accordingly, we reverse the probate court's dismissal of the petition to change the child's surname.

## I.

Cynthia Joan Cyrus and Thomas Benjamin Dowling are married and reside in Davidson County. Ms. Cyrus has elected to retain her maiden name for professional reasons. In 1996, after learning that Ms. Cyrus was pregnant with their first child, the couple decided against giving the child either of their surnames or a hyphenated form of their surnames. Instead, they decided to give their child the surname of "Berle" which was the surname of Mr. Dowling's maternal grandfather. They also decided that they would give any other children they had in the future the same surname.

Their daughter was born at St. Thomas Hospital in Nashville on August 30, 1996. Mr. Dowling and Ms. Cyrus requested that the name "Amelia Jean Berle" be placed on their daughter's birth certificate, but the hospital personnel declined to process the documents unless Mr. Dowling and Ms. Cyrus used either of their surnames or a hyphenated combination of their surnames. Ms. Cyrus and Mr. Dowling decided to put the name "Amelia Jean Dowling" on their daughter's birth certificate and to petition to have their daughter's surname changed to the one they had originally chosen.

Notwithstanding the name on her birth certificate, the child has been known as Amelia Jean Berle. Her birth announcements refer to her as Amelia Jean Berle,[1] her parents and family have consistently referred to her as Amelia Jean Berle, and she has received gifts in the name of Amelia Jean Berle. The child is also identified by this name on her medical and insurance records.

On January 16, 1997, Ms. Cyrus and Mr. Dowling filed a petition in the Davidson County Probate Court seeking to change their daughter's surname from Dowling to Berle. The probate court conducted a hearing on January 21, 1997 and declined to grant the petition. Following a second hearing on March 18, 1997, the trial court again declined to change the child's surname, reasoning that "the proposed name change is not in the best interest of the child and does not comply with the requirements of Tenn. Code Ann. Section 68-3-305."

Ms. Cyrus and Mr. Dowling appealed the probate court's denial of their petition to this court. We appointed an attorney with special expertise in domestic relations matters to serve as the child's guardian ad litem and to represent the child before this court. The guardian ad litem has filed a carefully researched brief concluding that the child's interests would be served best by changing her surname from Dowling to Berle.

## II.

We turn first to the probate court's conclusion that the parents' request to change their child's surname from Dowling to Berle is inconsistent with Tenn. Code Ann. § 68-3-305 (Supp. 1997). In the trial court's view, this statute reflects a considered policy decision by the General Assembly that parents should be required to give their children a surname based on their own surnames. We have concluded that the probate court read too much into Tenn. Code Ann. § 68-3-305.

Tenn. Code Ann. § 68-3-305 is part of the Vital Records Act of 1977.[2] The purpose of this Act is to collect and maintain records "such as will aid the public

---

[1]The child's birth announcement notes that she "gets her last name from Tom's maternal grandfather, a Norwegian, and is proudly Scandinavian on her mom's side as well."

[2]*See* Tenn. Code Ann. §§ 68-3-101, -510 (1996 & Supp. 1997).

health of the state, and furnish and preserve evidence affecting personal and property rights of the individual citizen." *See* Tenn. Code Ann. § 68-3-201 (1996). Because the Act itself provides a procedure for filing an amended birth certificate containing a new name, *see* Tenn. Code Ann. § 68-3-203(c) (1996), recording an amended birth certificate is entirely consistent with the purposes of the Vital Records Act. As a matter of statutory construction, filing an amended birth certificate changing an infant child's surname is not inconsistent with the public health or with the personal and property rights of individual citizens.

In order to assure the collection of needed information about live births, Tenn. Code Ann. § 68-3-301(a) (1996) requires the preparation and filing of a certificate of birth within ten days of a child's birth. Tenn. Code Ann. § 68-3-302(a) (Supp. 1997) requires the institution where the child is born to obtain the required personal data, to prepare the certificate, to secure the required signatures, and to file the certificate. Tenn. Code Ann. § 68-3-305(a) (Supp. 1997) prescribes the surname that must be placed on the birth certificate of a child born to married parents. It states:

> If the mother was married at the time of either conception or birth, or anytime between conception and birth, to the natural father of the child, the name of the father shall be entered on the certificate and the surname of the child shall be entered on the certificate as that of the natural father, except that where the mother though married has retained the mother's maiden surname, then on sworn application of both parents, the child's surname to be entered on the birth certificate may be the maiden surname of the child's mother, or both surnames as the parents mutually agree.

When courts are called upon to construe a statute, they must endeavor to give effect to the statute's purpose without unduly restricting or expanding its coverage beyond its intended scope. *See Hicks v. State*, 945 S.W.2d 706, 707 (Tenn. 1997); *Riggs v. Burson*, 941 S.W.2d 44, 54 (Tenn. 1997). They must also construe statutory terms using their ordinary meaning, *see Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *Carson Creek Vacation Resorts, Inc. v. Department of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993), and must presume that a statute's plain and ambiguous language means what it says. *See Perry v. Sentry Ins. Co.*, 938 S.W.2d 404, 406 (Tenn. 1996); *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn. 1977). The courts must also interpret statutes in a way that sustains rather than defeats their

constitutionality. *See Ellenburg v. State*, 215 Tenn. 153, 157-58, 384 S.W.2d 29, 31 (1964); *Illinois Cent. & St. L. R.R. v. Crider*, 91 Tenn. 489, 506, 19 S.W. 618, 622 (1892).

The parents in this case have explicitly declined to challenge the constitutionality of Tenn. Code Ann. § 68-3-305(a) even though similar statutory restrictions on the parents' choice of their child's surname have been found to interfere with the parents' fundamental liberty interests protected by the Due Process Clause of the Fourteenth Amendment.[3] Thus, this case does not require us to consider the constitutionality of Tenn. Code Ann. § 68-3-305(a). However, we should still endeavor to construe the statute in a way that insulates it from constitutional attack and that advances the purposes of the Vital Records Act of 1977. We can accomplish both goals by giving effect to the statute's plain meaning.

The statute relates only to the name to be placed on an infant's birth certificate. It does not, either explicitly or implicitly, extend to the parents' ultimate choice of a surname for their child. Compliance with the requirements of Tenn. Code Ann. § 68-3-305(a) satisfies the need for maintaining accurate vital records but does not foreclose the parents from then formally changing their child's surname to one of their choosing. A later change of the child's surname, done in accordance with the applicable law, is not inconsistent with the purposes of the Vital Records Act. The amended birth certificate creates a documentary record that will avoid any future confusion concerning the child's parentage because, in the case of a child born to married parents, it contains the names of both parents.

Accordingly, we reject the probate court's interpretation of Tenn. Code Ann. § 68-3-305(a) because it places the statute on a collision course with the Due Process Clause of the Fourteenth Amendment and with Tenn. Const. art. I, § 8. In addition, the probate court's conclusion that Tenn. Code Ann. § 68-3-305(a) restricts the parents' ultimate choice of their child's surname is not supported by the statute's plain language or legislative history.

---

[3] *See Sydney v. Pingree*, 564 F. Supp. 412, 413 (S.D. Fla. 1982); *Jech v. Burch*, 466 F. Supp. 714, 721 (D. Hawaii 1979); *O'Brien v. Tilson*, 523 F. Supp. 494, 495 (E.D.N.C. 1981); *D'Ambrosio v. Rizzo*, 425 N.E.2d 369, 370 (Mass. App. Ct. 1981); *M.D. v. A.S.L.*, 646 A.2d 543, 544 (N.J. Super. Ct. Ch. Div. 1994); *but see Henne v. Wright*, 904 F.2d 1208, 1215 (8th Cir. 1990); *Brill v. Hedges*, 783 F. Supp. 340, 346 (S.D. Ohio 1991); *Robertson v. Pfister*, 523 So.2d 678, 679 (Fla. Dist. Ct. App. 1988).

We turn next to the probate court's conclusion that it is not in the child's best interest to permit her parents to change her surname to that of her father's maternal grandfather. The probate court did not explain the basis for its conclusion other than to state that it was "very conservative of changing the name of any child." With no proof in the record that changing the child's surname is not in the child's best interests, we are at a loss to understand the basis for the probate court's conclusion. We find that the evidence, which is entirely favorable to the parents' request, does not support the probate court's conclusion.

In cases involving a dispute between the biological parents concerning the child's surname, we have held that the parent desiring to change the name bears the burden of proof. *See Barabas v. Rogers*, 868 S.W.2d 283, 287 (Tenn. Ct. App. 1993); *Halloran v. Kostka*, 778 S.W.2d 454, 456 (Tenn. Ct. App. 1988); *In re Brown*, App. No. 01A01-9704-JV-00148, 1997 WL 638278, at *1 (Tenn. Ct. App. Oct. 17, 1997) (No Tenn. R. App. P. 11 application filed). The parents assert that this burden of proof is inapplicable when natural parents agree on a child's surname and that the courts should intervene only when the surname chosen by the parents poses a substantial harm or threat of substantial harm to the child. We find that the burden of going forward with the evidence and the burden of persuasion should remain the same notwithstanding the marital status of the parents. However, when the natural parents have agreed on a surname, we find that the best interests analysis must be undertaken in light of the parents' fundamental interests in giving their child a surname of their own choosing.

Ms. Cyrus and Mr. Dowling demonstrated that their choice of their daughter's surname is in her best interests. Their decision was neither hasty nor ill-considered. They wished to avoid choosing one of their surnames over the other and to avoid using a cumbersome hyphenated name. Accordingly, they settled on the surname of "Berle" five months before their daughter was born. The surname itself will not cause the child to be held up to public disrepute or ridicule, and it actually has a demonstrable connection with Mr. Dowling's family.

Mr. Dowling and Ms. Cyrus are in complete agreement concerning this surname, not only for their daughter but also for any other children they may have. They have also decided to continue to call their daughter Amelia Jean Berle even if their petition to change the child's name is denied. Thus, the child will effectively have two names if the petition is denied, thereby creating a much more cumbersome and confusing situation not only for the child but for others dealing with the child. The child has been known by the surname of "Berle" ever since her birth. In fact, the only two instances where she has not been referred to as Amelia Jean Berle are on her birth certificate and in the caption of her parents' petition to change her name.

There was some speculation during oral argument that the probate court may have taken judicial notice of the potential harm that might be caused if the child's surname is not the same as her mother's or father's. Concerns were expressed regarding interference with the child's connection with her family heritage, the possibility that others might assume that she was born out-of-wedlock, and the possibility that she would be subjected to ridicule because she did not share her parents' name. Concerns were also expressed about confusion over the child's identity and uncertainty regarding her legal rights, status, or obligations. The record contains no evidence that any of these possibilities may or are likely to occur.

While Tenn. R. Evid. 201 permits the courts to take judicial notice of facts, it does not equip the courts with crystal balls or authorize the courts to superimpose their personal preferences over those of the litigants. In order to be judicially noticed, a fact must be generally known within the territorial jurisdiction of the court or must be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Tenn. R. Evid. 201(b). The possible effects on this child of having the surname "Berle" rather than "Dowling" until she reaches the age of majority cannot be known, let alone judicially noticed.

The record contains no evidence that granting the parents' petition to change their daughter's name would not be in the child's best interests. In contrast, Mr. Dowling and Ms. Cyrus have presented evidence that their daughter's interests will be served by permitting her legal identity to match her actual identity. Accordingly, we find that Ms. Cyrus and Mr. Dowling have carried their burden of proving that it is in their daughter's best interests to change her name to Amelia Jean Berle.

# IV.

We reverse the judgment and remand the case to the probate court for the entry of an order granting the petition to change the child's name. We also tax the costs of this appeal jointly and severally to Cynthia J. Cyrus and Thomas B. Dowling and their surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCURS:


_____
BEN H. CANTRELL, JUDGE


DISSENTS IN SEPARATE OPINION:

HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION