997 So.2d 1136 (2008)
Jay R. GORDON, individually and o/b/o his son, P.G., a minor, Appellant,
v.
Martin H. COLIN, Appellee.
No. 4D07-4242.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
Rehearing Denied January 30, 2009.
*1137 Montgomery Blair Sibley, Washington, D.C., (withdrawn as counsel after filing brief) for appellant.
Martin H. Colin, Lake Worth, pro se.
WARNER, J.
The appellant filed an appeal from an order of the trial court dated October 16, 2007 dismissing with prejudice a complaint filed by appellant on behalf of his son. In his brief, however, he also challenges an order of dismissal dated January 7, 2008, which dismissed three counts of his complaint asserting his personal actions against appellee. He also challenges an order dated February 27, 2007, granting section 57.105, Florida Statutes, attorney's fees. We affirm the order dismissing the complaint filed on behalf of appellant's son. We dismiss as untimely the challenge to the orders dismissing appellant's individual causes of action as well as the order assessing attorney's fees.
Appellant, who had shared parental responsibility of his son, filed suit against appellee for trespass upon the person of his son. Appellee moved to dismiss on the ground that appellant did not have standing to pursue an action as he did not have primary physical residence of his son, although the parents had shared responsibility. The court agreed and dismissed the complaint, and appellant appealed.
Section 744.301(2)(a), Florida Statutes, provides "natural guardians" with standing to "[s]ettle and consummate a settlement of any claim or cause of action accruing to any of their minor children for damages to the person or property of any of said minor children." Section 744.301(1), Florida Statutes, defines natural guardian by stating, "If the marriage between the parents is dissolved, the natural guardianship belongs to the parent to whom custody of the child is awarded. If the parents are given joint custody, then both continue as natural guardians."
Appellant urges the court to interpret "joint custody" as meaning shared parental responsibility. Florida courts have rejected appellant's reading of the statute. "[T]he parent having primary residential custody is the one who has standing to bring a suit on behalf of the child for an alleged injury to the child." A.A. v. E.P., 559 So.2d 622, 623 (Fla. 3d DCA 1990) (citing Lusker v. Guardianship *1138 of Lusker, 434 So.2d 951 (Fla. 2d DCA 1983); Mills v. Phillips, 407 So.2d 302 (Fla. 4th DCA 1981)). Thus, the trial court correctly concluded that appellant was not his son's "natural guardian," because the family court awarded primary residential custody of the child to his mother.
The court in A.A. recognized the following exception to the rule that the parent having primary residential custody of the child has standing to file suit:
In the event there is a bona fide claim which the primary residential parent refuses to bring, then that issue should be presented to the trial judge having jurisdiction over the child custody decree, who can assess the situation and, with the assistance of a guardian ad litem if necessary, determine whether the children have claims which should be pursued despite the objection of the primary residential parent.
Id. In this case, citing the exception asserted in A.A., the trial court abated the resolution of count one and referred the case to the family court judge to determine whether the exception should govern this case. The family court judge determined that the claims should not be pursued. After that determination, the court dismissed count one of the complaint. We affirm the dismissal.
Appellant also filed individual actions against appellee asserting defamation and various torts. The order dismissing these causes was a final order which dismissed the action with prejudice and entered a final judgment. Because this order totally disposed of the case against appellant individually, he was required to appeal the order within thirty days of its rendition. See Fla. R.App. P. 9.110(k) ("If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition."). Likewise, the appeal of the order assessing attorney's fees on those actions is also untimely. Because the appeal as to both of those orders is untimely, we lack jurisdiction to consider them. As to those orders, the appeal is dismissed.
Affirmed in part; dismissed in part.
MAY and DAMOORGIAN, JJ., concur.