PER CURIAM.
The final judgment of dissolution previously entered in this cause awarded the minor children to the wife and set forth certain visitation rights. The judgment also contained the following provisions:
“8. That neither party may remove the children from the State of Florida without the prior written consent of the other or leave of Court based upon a specified plan and return date.”
Thereafter, the wife filed a motion for approval of a plan to visit her brother with the children in the State of New York for several days in the summer. Since the husband did not agree with the trip, the matter was called up for hearing. The husband’s objection centered around his claim that the wife’s brother was a homosexual. A psychiatrist testified that even if it be assumed that the brother was a homosexual, it would not harm the children if they accompanied the wife for a few days’ visit at the brother’s home. Thereupon, the court approved ' the trip plan.
The following December the wife filed a motion requesting the court’s approval for her to take the children with her to visit her mother in South Carolina. Once again the husband declined to agree, so a hearing was held before a different judge. Presumably fed up with the haggling between the parties and without further testimony concerning the possible effects upon the children of their association with the wife’s brother, the court entered an order approving the trip to South Carolina but modifying the final judgment by directing that at no time or place should the wife permit the children to be exposed to the company of the wife’s brother and a cousin from Virginia who was also said to be a homosexual.
We find it necessary to reverse the order for two reasons. First, in the absence of a petition for modification and any testimony in support thereof, the court did not have the right to modify the final judgment. The association with the wife’s brother or cousin was not before the court at that time, since the proposed trip to South Carolina did not involve a visit with them. Second, another judge had already heard testimony and ruled that association with the wife’s brother for a few days would not adversely affect the children. *859 There was no new evidence presented indicating a change in the circumstances which would dictate a contrary ruling a few months later.
The order modifying the final judgment is hereby reversed.
HOBSON, Acting C. J., and BOARD-MAN and GRIMES, JJ., concur.