394 So.2d 461 (1981)
Joan Adkins FICKLE, etc., Appellant,
v.
Milton R. ADKINS, Appellee.
Nos. 79-2168, 79-2196.
District Court of Appeal of Florida, Third District.
February 10, 1981.
Sinclair, Louis, Siegel & Heath and John L. Zavertnik, Lane, Mitchell & Harris and *462 Byron B. Mathews, Jr. and Charles George, Miami, for appellant.
Sibley, Giblin, Levenson & Glaser and Michael Winer, Miami, for appellee.
Before HUBBART, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
We reverse in its entirety the trial court's Order Disposing of All Pending Matters entered on October 23, 1979, upon a holding that this order was entered in derogation of the due process rights of the parties[1] in that (1) it determined matters not noticed for hearing and not the subject of appropriate pleadings, Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Barreiro v. Barreiro, 377 So.2d 999 (Fla.3d DCA 1979); Matthews v. Matthews, 376 So.2d 484 (Fla.3d DCA 1979); (2) to the limited extent that it determined matters noticed for hearing and properly before the court, it was entered without providing the parties a full and fair opportunity to be heard and present evidence, Christiansen v. Christiansen, 354 So.2d 1254 (Fla. 4th DCA 1978); Pelle v. Diners Club, 287 So.2d 737 (Fla.3d DCA 1974). We reject Adkins' contention that the trial court's order was agreed to by Fickle, since we will not imply such an agreement from a party's silence in response to a court's suggestion or, a fortiori, a party's acquiescence to the court's portent.[2]Miami Herald Publishing Co. v. Payne, 358 So.2d 541 (Fla. 1978); Walter E. Heller & Company, Southeast v. Pointe Sanibel Development Corporation, 392 So.2d 306 (Fla.3d DCA 1980); Arnold v. Arnold, 292 So.2d 384 (Fla.3d DCA 1974).
Reversed and remanded.
NOTES
[1] All parties to this appeal seek reversal of this order in whole or in part. The law firm of Sinclair, Louis, Siegel & Heath is a party to this appeal. See Fickle v. Adkins, 385 So.2d 1141 (Fla.3d DCA 1980). The firm received no notice of the hearing at all. It was entitled to notice because at the time of the hearing, a charging lien, previously ordered in favor of the discharged firm, remained unchallenged.
[2] The court told Mrs. Fickle: "If you fool around like that I am going to have a custody issue here. You don't want that to happen. I am trying to tell you something."