401 So.2d 909 (1981)
Elida Pauline SARDINAS, Appellant,
v.
Manuel V. SARDINAS, Appellee.
No. 80-248.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
*910 Sylvan B. Burdick of Burdick & Daves, West Palm Beach, for appellant.
John L. Bryan, Jr., of Scott, Burk, Royce & Harris, P.A., Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an unusual case in that the parties separated and entered into a separation agreement when appellant was pregnant with the parties' only child. Unfortunately, the only provision in the agreement as to visitation was the general statement that appellee would have a reasonable right of visitation. After the birth of the child, appellee filed a "Motion for Contempt and for Visitation," stating that appellant had refused to permit him to visit with the child except under the strict control of appellant. The only prayer in the motion was that appellant be held in contempt.
The order being appealed denied appellee's motion for contempt, but undertook to make more definite the term "reasonable right of visitation." The court declared said phrase to mean the right of appellee to visit with the child at the home of appellee's parents one afternoon a week on appellee's day off and one evening a week.
Appellant's point on appeal is that since appellee's aforesaid motion solely sought to have appellant held in contempt, in the absence of a prayer for change, alteration or modification of the final judgment of dissolution the trial court was without jurisdiction to change, modify or alter the judgment as written. She relies primarily upon Cortina v. Cortina, 98 So.2d 334 (Fla. 1957). In that case, the final decree gave the husband reasonable visitation privileges. The husband later filed a contempt proceeding against the wife, alleging that she had refused to allow him reasonable visitation privileges. The trial court entered an order revoking the final decree's provision for support and providing that if reasonable visitation is given to the husband, the court will again amend the decree to provide for support. The Supreme Court reversed and said at 336:
There can be no doubt that a Chancellor cannot modify a support decree, or any other decree, unless the issue of modification is presented to him in appropriate proceedings and each party is given an opportunity to be heard on such issue. After the expiration of the ten-day period within which to file a petition for rehearing, 31 F.S.A Rule 3.16, Fla.Rules of Civ. Proc., a divorce decree providing support for children is just as final as any other decree, as to all conditions and circumstances that existed as of the date of the decree. Sec. 65.15, Fla. Stat. 1955, F.S.A. And as stated in Pace v. Pace, 1930, 99 Fla. 859, 128 So. 488, 489, "After the lapse of time as thus provided by rule * * *, final decrees cannot be changed, added to, nor taken from, except as to the correction, nunc pro tunc, of mere clerical errors or misprisions, without resorting to the recognized processes of equity, based upon appropriate grounds."
Appellant also cites Kranis v. Kranis, 313 So.2d 135 (Fla.3d DCA 1975) wherein the trial court denied the wife's motion to vacate a contempt order against her, and modified the final judgment by granting the husband visitation rights in the state of his residence and by holding support payments suspended if the wife did not comply *911 with the out-of-state visitation right. The Third District Court of Appeal reversed on the following ground:
The modifications of the judgment in the two respects outlined above, done on hearing Rosalind's motion to vacate the contempt order, were without any appropriate pleadings therefor and advance notice of hearing on such modification matters.
Id. at 137.
Similarly, we held in Purvis v. Carver, 303 So.2d 681, 682 (Fla. 4th DCA 1974), "that the chancellor was without jurisdiction to summarily change the visitation provisions of a dissolution decree which had become final where no pleading had been filed directed to the modification of the decree." An oral motion of the husband did not satisfy the pleading requirement. See also Jennings v. Jennings, 353 So.2d 921 (Fla. 4th DCA 1978); Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974); DeWalt v. DeWalt, 305 So.2d 792 (Fla. 4th DCA 1975).
Appellee counters with the argument that the term "reasonable right of visitation" is interpreted in Florida to mean the right to have the child away from the child's home for short periods. Kranis v. Kranis, supra. Accordingly, he argues that he was enforcing his right under the final judgment; and that if appellant wished to deny appellee the right to take the infant for short periods away from appellant's home, it was incumbent upon her to file a motion for modification of the final judgment.
We feel constrained by Cortina v. Cortina, supra, and its progeny to agree with appellant. Had appellee's motion included language that articulated his alleged right and prayed for enforcement thereof, we might agree with him. However, as the motion now stands, the trial court lacked jurisdiction to consider the visitation issue and consequently, we must reverse.[1]
Accordingly, that part of the order making more definite the "reasonable right of visitation" is reversed with direction to vacate it on remand without prejudice to further consideration of this matter upon filing an appropriate pleading. In all other respects the order is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
BERANEK, J., concurs.
LETTS, C.J., dissents with opinion.
LETTS, Chief Judge, dissenting:
I dissent.
The motion filed by the husband "For Contempt and for Visitation" was no legal work of art and as the majority notes, the prayer did not ask for any restatement of what "reasonable visitation rights" might be. Nonetheless the purpose of the motion, as its title bears out, was patently obvious, i.e. to procure reasonable visitation rights and paragraph 3 of the motion makes that abundantly clear as follows:
3. ELIDA PAULINE SARDINAS refuses to allow MANUEL V. SARDINAS to visit with the child except under the strict control of ELIDA PAULINE SARDINAS. ELIDA PAULINE SARDINAS refuses to visit with the parties minor child at reasonable times and under reasonable circumstances and has therefore violated the Court's Order.
As a result, the wife could claim no surprise. The matter now before us is vastly different from the Cortina case where the trial court upon hearing a contempt motion for refusal to furnish reasonable visitation rights went ahead and revoked the support payments.
There is another reason why I would affirm. There is no record of what transpired at the hearing on the motion "for contempt *912 and for visitation" and the appellant has therefore not demonstrated error.
NOTES
[1] We are aware that the record is devoid of a transcript of the hearing on the motion. Appellee has not raised this in his brief nor has he insinuated in any manner that appellant impliedly consented at the hearing to the trial court's consideration of the visitation issue. Therefore, we disagree with the dissent that in this appeal the failure to file a transcript is fatal to appellant.