414 So.2d 292 (1982)
Paul LENTZ, Appellant,
v.
Melinda LENTZ, Appellee.
No. 81-1451.
District Court of Appeal of Florida, Second District.
May 26, 1982.
Michael R. Karp of Wood, Whitesell, Karp, Wellbaum, Miller & Seitl, Sarasota, and Douglas A. Wallace, Bradenton, for appellant.
C. Eugene Jones, Sarasota, for appellee.
DANAHY, Judge.
In this child custody case the appellant, who is the custodial parent, challenges that portion of the order of the trial judge which modified an earlier order, entered upon the stipulation of the parties, by increasing the appellee's summer visitation period from three to four weeks. We reverse because the motion served on the appellant and heard by the trial court requested only that the court establish specific dates for the appellee's regular three-week summer visitation period. The appellant contends that he received no notice that the appellee would seek, or that the trial court would consider, modification of the earlier order which established the three-week period and that he had no opportunity to prepare and present evidence relevant to that issue. Case law supports him. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Wallace v. Wallace, 413 So.2d 1261 (Fla. 2d DCA 1982); Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981); Connors v. Connors, 327 So.2d 877 (Fla. 2d DCA 1976); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974).
*293 We note the appellee does not argue that enlargement of the three-week summer visitation period was litigated with the implied consent of the appellant. Neither does she argue that an amendment to the pleadings to incorporate a request for an enlarged period was made or sought. Rather, she argues that the appellant should not have been surprised at the enlargement of the visitation period. Even if that is so, we do not agree that a lack of surprise alone can overcome fundamental lack of due process to the appellant resulting from the failure to give him notice and an opportunity to be heard on the issue decided against him in the order.
Accordingly, we REVERSE the order to the extent it increased the summer visitation period of the appellee from three to four weeks.
HOBSON, A.C.J., and BOARDMAN, J., concur.