448 So.2d 641 (1984)
William Thomas CONNOLLY, Appellant,
v.
Lizabeth CONNOLLY, Appellee.
No. 83-1308.
District Court of Appeal of Florida, Fourth District.
April 25, 1984.
*642 Brenda M. Abrams and Georgia T. Newman of Abrams & Abrams, P.A., Miami, for appellant.
No appearance for appellee.
WALDEN, Judge.
While the errors reflected are serious, and, in part, fundamental, we are of the opinion that they are not such as to merit a detailed discussion of law.
The dispute is between husband and wife with the husband being the appellant. The matter is exacerbated by the fact that the wife never filed any pleadings or prayers for relief in the trial court. Moreover, she has not filed a brief or participated in the appellate proceeding.
It appears that the parties owned a marital residence owned as a tenancy by the entirety. They had a minor child.
Things began when the husband filed his initial pleading in the trial court, his Motion for Temporary Restraining Order Without Notice. It was not ancillary, then or thereafter, to a dissolution of marriage action or any other cognizable independent action. Ultimately, an order was entered which enjoined the wife, until further order of the court, from coming on the marital domicile; from harassing the husband; and from removing any personalty jointly owned or owned by the husband. The husband, again without any pleadings or prayers for relief on the part of the wife, was ordered to pay the wife $100 weekly as child support and $100 weekly as temporary alimony. The wife never filed a financial affidavit or testified as to needs. Later this order was approved with the addition that the wife was prohibited from removing the minor child from the boundaries of the 17th Judicial Circuit (Broward County) and the husband was accorded specific visitation privileges. There was no pleading as concerns the child or visitation. Finally, the husband was adjudged in contempt of court because of his failure to pay certain sums for child support and alimony. This appeal ensued.
We hold the following:
1. It was error to award the wife alimony, child support, de facto child custody, and to determine visitation rights when there was no pleading, prayer, or other predicate requesting such relief. Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA 1981); Fla.R.Civ.P. 1.140(b); Tomasello, Inc. v. de Los Santos, 394 So.2d 1069 (Fla. 4th DCA 1981); Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981). The error was compounded when the husband was found in contempt of such order.
2. Although not raised, it was a fundamental error of which we choose to take sua sponte notice for the court to grant an indefinite injunction under Florida Rule of Civil Procedure 1.610 which, in effect, awarded the sole possessory or beneficial rights of property owned as a tenancy by the entirety to the husband when it was not ancillary to a dissolution of marriage or some other appropriate independent action. First, a court should not intrude into the marriage relationship and dictate the conduct of the marital partners *643 toward each other and adjudicate their marital disputes unless and until such time as there is a proceeding instituted designed to terminate the marriage. Second, the attributes of an estate by the entireties are well known. See 12 Fla.Jur.2d Cotenancy and Partition §§ 10-24. It is predicated on the concept that husband and wife are one person in law. It is dependent on the marital relation for continuance, both spouses being considered equally interested in the res. So, while the marriage continues, as here, an interference with the estate or alteration is unfounded and the parties should be allowed to continue equally with their rights of ownership under such tenancy. Clawson v. Clawson, 54 So.2d 161 (Fla. 1951); Zook v. Zook, 63 So.2d 642 (Fla. 1953); Junk v. Junk, 65 So.2d 728 (Fla. 1953); Field v. Field, 68 So.2d 376 (Fla. 1953); and Naurison v. Naurison, 108 So.2d 510 (Fla. 3d DCA 1959).
We reverse the orders appealed and remand with instructions to dismiss the cause.
REVERSED and REMANDED with instructions.
HURLEY and DELL, JJ., concur.