458 So.2d 815 (1984)
Phyllis HART, Appellant,
v.
Ronald E. HART, Appellee.
No. 83-2586.
District Court of Appeal of Florida, Fourth District.
October 31, 1984.
Rehearing Denied December 7, 1984.
James M. Tuthill of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellant.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellee.
BARKETT, Judge.
The wife appeals from an order which "awarded ... permanent custody" of the parties' minor child to the husband following a hearing which was noticed for temporary relief. The wife alleges a denial of constitutional due process. We agree and reverse.
The wife filed a petition for dissolution of marriage in October, 1982, seeking, among other things, custody of the child, age 7. The parties executed a Property Settlement Agreement on January 1, 1983, which provided that the parties would have shared parental responsibility and that the child would reside primarily with the wife.
On September 7, 1983, the trial court bifurcated the divorce proceeding and dissolved the marriage. Subsequently, the husband noticed the wife for a hearing on his motion for temporary relief requesting a change in the primary residence of the child. The ensuing hearing was held with no indication that it was anything other than a hearing for temporary relief. At the end of the hearing, the trial judge stated:

*816 I don't need any more psychological evaluations. I think because of my experience through the years of handling divorce cases I can handle this myself from here on out.
Four days later, the trial court entered the order awarding "permanent custody"[1] of the child to the husband. The order stated, in relevant part:
This matter came on before the court upon the former husband's motion for temporary custody of the minor child of the parties... . This court strongly feels that ... this child should not be subjected to any more protracted litigation concerning his custody. For these reasons and for the reason that all the testimony, the argument and the evidence presented were consistent with a final hearing in that there is no conceivable additional testimony that could be presented which would be inconsistent with the holding herein, the court hereby determines that the full-day temporary relief hearing held Friday, October 21, 1983, was and is the final hearing as to custody of [the child].
In observing the requirements of due process of law, the opportunity to be heard must be full and fair. Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962). The notice required for any proceeding which may produce a final result is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Quay Development, Inc. v. Elegante Building Corporation, 392 So.2d 901, 903 (Fla. 1981).
Thus, the general rule is that a court cannot determine "matters not noticed for hearing and not the subject of appropriate pleadings." Fickle v. Adkins, 394 So.2d 461, 462 (Fla. 3d DCA 1981). See also Connolly v. Connolly, 448 So.2d 641, 642 (Fla. 4th DCA 1984) (error to award alimony, child support, de facto child custody, and to determine visitation rights where there was no prayer, or other predicate requesting such relief).
In Lentz v. Lentz, 414 So.2d 292 (Fla. 3d DCA 1982), the court reversed an order in a child custody case increasing visitation rights for one parent when the motion served on the other parent requested only that specific visitation dates be established for the moving parent. The court held that the trial court's action constituted a "fundamental lack of due process to the appellant resulting from the failure to give him notice and an opportunity to be heard on the issue decided against him in the order." Id. at 293.
In Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981), this court held that a trial court lacked authority to define what constituted "reasonable rights of visitation" when the only relief sought in the movant's pleading was for the custodial parent to be held in contempt. Id. at 911. See also Cortina v. Cortina, 98 So.2d 334 (Fla. 1957).
In this case, neither party was advised that the hearing in question would produce a permanent result. To the contrary, the hearing was noticed as a temporary custody hearing, and no indication was given, until issuance of the final order four days after the hearing, that the result was to be a permanent one.
In addition to the clear violation of due process considerations, we note that the best interests of a child are not served by denying a party the opportunity to present evidence which might have a bearing thereon.
*817 Accordingly, the order in question is to be considered a temporary order, and we remand with directions to the trial court to conduct a final hearing after due notice on the issues pertaining to the primary residence of the minor child in accordance with the shared parental responsibility law, Section 61.13(2)(b)2., Florida Statutes (1983).
WALDEN, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.
NOTES
[1] The order used the phrase "temporary and permanent custody of the minor child." It is assumed that the trial court intended to order "shared parental responsibility" for the child pursuant to Section 61.13(2)(b)2.a., Florida Statutes (1983), and did not intend to order "sole parental responsibility" pursuant to Section 61.13(2)(b)2.b., Florida Statutes (1983). The only issue involved here appears to be the primary residence of the child. It is not clear why the court below did not use the language of Section 61.13(2)(b)2., Florida Statutes (1983). It is anticipated the final order will do so.