DANAHY, Judge.
In this dissolution of marriage proceeding, the husband appeals the summary denial of his motion for modification of child support. We reverse.
The parties’ marriage was dissolved in 1981. Since that time, both parties have filed numerous motions and petitions and a number of hearings have been held. In an apparent effort to protect his calendar and gain some control of the situation, the trial *588 judge entered an order sua sponte on March 24, 1983, establishing a procedure for setting hearings in the cause. The order required that any matter upon which a hearing was requested should be submitted directly to the judge together with a request for hearing and an estimate of the time involved. The order further provided that, upon receipt of the motion, the judge would then review the matter and either resolve it without the need for oral argument or hearing, or set it down for hearing with notice. No appeal was taken from that order.
On October 20, 1983, the husband filed a petition for modification seeking to modify the award of child support. In regard to that petition, the trial judge directed the parties to submit financial affidavits. Both did so.
Subsequently, the trial judge entered the order herein appealed, making findings of fact on the basis of the financial affidavits and concluding that as a matter of law and fact, modification of child support was inappropriate. The husband’s petition was, therefore, denied. Subsequently, the husband filed petitions for rehearing in which he set forth arguments and evidence which he wished to present at an evidentiary hearing on his petition for modification. Those petitions were also denied.
The husband challenges the order denying his petition for modification on the ground that the denial of the petition without an evidentiary hearing violated the husband’s due process rights. We agree. Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981); Christiansen v. Christiansen, 354 So.2d 1254 (Fla. 4th DCA 1978).
Accordingly, we reverse with directions that the trial judge conduct a hearing, upon due notice to both parties, on the husband’s petition for modification and permit the parties at that hearing to produce such evidence as they may wish in regard to the petition.
REVERSED AND REMANDED.
OTT, A.C.J., and LEHAN, J., concur.