528 So.2d 961 (1988)
Thomas G. CENATE, Appellant,
v.
Janice C. CENATE, Appellee.
No. 87-760.
District Court of Appeal of Florida, First District.
July 19, 1988.
*962 Albert H. Mickler, Jacksonville, for appellant.
No appearance for appellee.
THOMPSON, Judge.
Appellant husband appeals two orders which restrict his visitation with his minor son by requiring that such visitation may not take place in the presence of members of the opposite sex, or in the presence of Donna Frier in particular. We reverse.
Both orders were entered in response to motions for contempt, one of which was filed by the wife and the other by the husband. The wife's motion made no mention of visitation whatsoever, and the husband's motion merely asked for alternating weekend visitation. Neither motion requested any alteration of visitation of the nature ordered by the court.
Absent appropriate pleadings the court did not have jurisdiction to alter or modify the visitation provisions of the final judgment. Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981); Davis v. Davis, 335 So.2d 857 (Fla. 2d DCA 1976). Even if the matter was raised at any of the hearings on the motions for contempt, an oral motion or request for alteration or modification of visitation does not satisfy the requirement that appropriate pleadings be filed prior to any modification of visitation. Sardinas v. Sardinas; Purvis v. Carver, 303 So.2d 681 (Fla. 4th DCA 1974); Lourcey v. Lourcey, 256 So.2d 25 (Fla. 1st DCA 1971). Accordingly, the lower court's orders on the motions for contempt are reversed in so far as they restrict the husband's visitation with his minor son by directing that such visits not take place in the presence of members of the opposite sex, in general, or in the presence of Donna Frier in particular. In all other respects, the two orders are affirmed.
AFFIRMED IN PART and REVERSED IN PART.
NIMMONS and BARFIELD, JJ., concur.