RYDER, Acting Chief Judge.
Robert McNay challenges the trial court’s order finding him in contempt of court for failing to comply with an amended final judgment of dissolution of marriage. We reverse.
An amended final judgment of dissolution of marriage was entered on August 3, 1988. This final judgment required Robert McNay to convey a portion of real property to Maria McNay. A motion and notice of hearing for order of contempt was filed by Maria McNay on April 26, 1989. The motion and notice of hearing for order of contempt was personally served on Robert McNay for failing to comply with the conveyance ordered in paragraph 3A of the amended final judgment of dissolution. Robert McNay responded by executing a deed to Maria McNay, conveying the portion of the real property ordered in paragraph 3A of the amended final judgment.
The hearing for order of contempt proceeded, and on July 5, 1989, an order of contempt was entered finding Robert McNay in contempt of court for failure to comply with paragraph 3A of the amended final judgment. The order of contempt required Robert McNay to convey an express easement together with the property described in paragraph 3A of the amended final judgment in order to purge himself of the contempt. Paragraph 3A of the amended final judgment makes no mention of any easement to be conveyed from Robert to Maria McNay. The motion and notice of hearing for order of contempt, served on Robert McNay, makes no mention of the inclusion of an easement in the conveyance of the property described in paragraph 3A.
Robert McNay had no notice whatsoever of the change of direction in the motion for order of contempt. The entry of the order of contempt requiring Robert McNay to convey an easement results in a modification of the amended final judgment of dissolution without notice to Mr. McNay, thereby denying him his rights to due process. Cortina v. Cortina, 98 So.2d 334 *1292 (Fla.1957); Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982). This is error requiring reversal, thus the order appealed from is reversed and set aside.
Reversed.
LEHAN and PARKER, JJ., concur.