FRANK, RICHARD H., Associate Judge.
The father of minor children has appealed from an order of the trial court denying him visitation rights contemplated in a final judgment of dissolution. We affirm.
The father has represented himself in this proceeding. He initiated the action leading to the order under review in a letter to the trial court asking that it conduct a hearing and enforce visitation rights accorded him by an agreement embodied within the final judgment. The trial court referred the matter to a general master who held a hearing. Although there is no transcript of the hearing, it is evident from the general master’s report that the paramount matter resolved against the father was his psychological fitness to be alone with a minor child. The mother presented evidence, in the form of a letter from the father to her, that he had engaged in peculiar and immoral sexual activity with their daughter and with another child. The father refused before the general master to answer any questions about those events. The father admitted that he was psychologically disabled and was receiving supplemental social security income as a result of his disability. He wotzld not, however, provide the general master with evidence disclosing his mental and emotional state.
The general master concluded that the father’s request for visitation should be denied. The trial court ratified the master’s conclusions. Without a record to refute any of the master’s findings adopted by the trial court, the father’s challenge to them is groundless.
The apparent gravamen of the father’s complaint before us is that he was denied due process because no pleadings leading to the loss of his visitation rights had been filed. See Cenate v. Cenate, 528 So.2d 961 (Fla. 1st DCA 1988); Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981). We reject that argument, however, on the ground that the father specifically requested a hearing, albeit in a letter which the trial court apparently treated as a motion to enforce the final judgment. This case is distinguishable from Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982), in which the father contended that he had no notice that his former wife would seek modification of his summer visitation peri *796 od. The second district agreed with the father that the visitation order was modified without due process. Here, however, the father specifically sought relief from the trial court, and he was afforded an adequate opportunity to be heard. He either failed or refused to refute the mother’s evidence contradicting the reestablishment of visitation rights.
The father opened the door for the general master to reevaluate the question of shared parental responsibility and visitation. The master, and ultimately the trial court, were required to consider the relevant statutory factors, including the parents’ moral and mental fitness. § 61.-13(3)(f)-(g), Fla.Stat. (1989). We recognize that termination of visitation is not favored, but the court in its discretion may restrict or deny contact between parent and child when it is in the child’s best interest. Hunter v. Hunter, 540 So.2d 235 (Fla. 3d DCA 1989). Based upon the record, we cannot say that the trial court erred in its disposition of this matter.
It is to be noted that the father is not forever foreclosed from seeking modification of the present order upon the filing of an appropriate motion with the trial court.
Affirmed.
ANSTEAD and LETTS, JJ., concur.