604 So.2d 866 (1992)
Angelina BRAGO, Appellant,
v.
Beth BRAGO, Appellee.
No. 91-1765.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Joseph C. Segor, Miami, for appellant.
The Vogelsang Law Firm and Beth Tyler Vogelsang, Miami, for appellee.
Before FERGUSON, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, the paternal grandmother, appeals an order terminating her visitation rights and denying her request for the appointment of a guardian ad litem. We affirm in part and reverse in part.
After review of the record, we conclude that the only visitation issue properly noticed for hearing before the trial court was the grandmother's motion to enforce the grandparent visitation order. The trial court ruled that it was not in the best interests of the children to enforce visitation at this time. That determination is supported by competent substantial evidence. See Kunst v. Kunst, 551 So.2d 522 (Fla. 3d DCA 1989); § 752.01(2), Fla. Stat. (1991). See generally Michael J. Minerva, Jr., Comment, Grandparent Visitation: The Parental Privacy Right to Raise Their "Bundle of Joy", 18 Fla.St.U.L.Rev. 533 (1991). To that extent, the order under review is affirmed. The effect of the order is to suspend the grandmother's visitation rights.
The order is reversed insofar as it terminates all the grandmother's visitation rights. No motion to terminate the grandmother's visitation rights was noticed for hearing. The grandmother objected to the trial court's consideration of termination of her visitation rights and, therefore, the matter was not tried by consent of the parties. Since the grandmother was not properly on notice that the issue would be *867 decided by the trial court, the order must be reversed to the extent that it permanently terminates the grandmother's visitation rights. See Jackson v. Warren, 593 So.2d 331 (Fla. 3d DCA 1992); see also Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986); cf. Hunter v. Hunter, 540 So.2d 235, 237 n. 2 (Fla. 3d DCA 1989). This ruling is without prejudice to the trial court's considering the request to terminate the grandmother's visitation rights, upon reasonable notice and an opportunity to be heard. See Scheer v. Scheer, 132 So.2d 456, 458 (Fla. 3d DCA 1961).[*]
While we affirm the trial court's decision not to appoint a guardian ad litem, this ruling is without prejudice to the parties to raise the issue again as circumstances warrant.
Affirmed in part, reversed in part, and remanded.
FERGUSON and COPE, JJ., concur.
GERSTEN, Judge, concurring.
I specially concur.
I agree with the majority that the grandparental right of visitation was improperly terminated. I also agree that the trial court may reconsider this issue at a properly noticed hearing in the future. Because grandparents' rights are such an integral part of the best interest of children, more must be written.
Chapter 752, of the Florida Statutes on grandparental visitation rights "clearly embod[ies] a legislative finding that grandparental visitation, when in the best interest of the child, is also in the public interest." Dixon v. Melton, 565 So.2d 1378 (Fla. 1st DCA 1990).
In 1990, the Legislature provided criteria that the courts must consider in determining the best interest of the child. These criteria include:
(a) The willingness of the grandparent or grandparents to encourage a close relationship between the child and the parent or parents.
(b) The length and quality of the prior relationship between the child and the grandparent or grandparents.
(c) The preference of the child if the child is determined to be of sufficient maturity to express a preference.
Chapter 752, Fla. Stat. (1991).
Thus, once the court determines that grandparental visitation rights are in the best interest of the child, reasonable rights of visitation shall be awarded. Conversely, these same considerations should be applied when determining the termination of grandparents' rights of visitation. These rights are so important that they should not be lightly dismissed. See Griss v. Griss, 526 So.2d 697 (Fla. 3d DCA), review dismissed, 531 So.2d 1353 (Fla. 1988).
Accordingly, I agree that visitation rights should not be terminated, not just based on the lack of notice, but also based on Florida's strong public policy to foster love and nurturing of children through grandparents' rights of visitation.
NOTES
[*] It should be noted that the February 21, 1989 order granting grandparent visitation stated that the grandmother was to be allowed supervised visitation with the two grandchildren. The order grants no visitation rights to the father's sister and no unsupervised visitation to the grandmother.