PER CURIAM.
We reverse an order awarding temporary support in a dissolution action. The trial court entered an order which simply incorporated the order of support entered in a previously dismissed dissolution action between the parties. This order was entered without taking evidence of any sort on the issues. Apparently the motions for temporary alimony and child support were among six or seven motions set for a hearing before the court. The court ran out of time, and these motions were not heard. Nevertheless, the trial court disposed of them based upon the prior order entered in the earlier case.
While the entry of a temporary support award without the parties having a full opportunity to be heard may not be error so long as (1) there is an immediate need for support tantamount to an emergency; (2) the temporary award is not per se unreasonable; and (3) the trial judge sets another hearing at a later date to finish testimony, see Priestes v. Priestes, 549 So.2d 246 (Fla. 2d DCA1989), none of those criteria are present in this order. Here, the wife was denied any opportunity to present her motion by a time allotment. This is error. Weasel v. Weasel, 421 So.2d 749 (Fla. 4th DCA1982).
For the same reason, we reverse the order denying temporary injunction as to dissipation of assets. The wife’s affidavit made out a preliminary showing, see Good-ing v. Gooding, 602 So.2d 615 (Fla. 4th DCA1992), but the hearing time limit allowed neither party an opportunity to present evidence on the issue.
We therefore reverse and remand for further proceedings. We affirm as to attorney’s fees and costs as those motions were heard fully by the trial court and we cannot conclude that the trial court abused its discretion.
GLICKSTEIN, C.J., and GUNTHER and WARNER, JJ., concur.