652 So.2d 1164 (1995)
Elsa G. LEON, Appellant,
v.
Edward Paul LEON and E.L. Foods, Inc., a Washington, D.C. corporation, Appellees.
No. 93-1556.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
As Corrected on Denial of Rehearing and Clarification April 20, 1995.
*1165 Andrew S. Berman of Young, Franklin, Berman & Karof, P.A., North Miami Beach, for appellant.
August La Rocco and Terry Fixel of Fixel & La Rocco, Hollywood, for appellee-Edward Paul Leon.
STONE, Judge.
We reverse the final judgment of dissolution. The trial court lacked jurisdiction to enter a final judgment while a nonfinal appeal was pending before this court. Connor Realty Inc. v. Ocean Terrace North Condo. Ass'n, 572 So.2d 4 (Fla. 4th DCA 1990); Fla.R.App.P. 9.130(f).
Additionally, the trial court failed to comply with the opinion of this court in Leon v. Leon, 616 So.2d 633 (Fla. 4th DCA 1993). On remand, the trial court should conduct the mandated hearing and make findings as to the issues set forth in that opinion.
We also reverse as to the issues of alimony and support. It was an abuse of discretion to award the wife rehabilitative rather than permanent alimony where the evidence does not support a rehabilitative award. See, e.g., Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992). The wife is a kindergarten teacher earning a net income of $1,961 a month, while the husband is apparently able to take at least $50,000 to 60,000 per year out of a McDonald's franchise, although the court made no findings as to his present income.
The parties were married in 1977, had two children, and lived together until 1991, at which time the wife filed a petition for dissolution. In 1992, on the date of trial, she dismissed that petition. He refiled this action a month later.
We find no abuse of discretion in the trial court's selection of a valuation date, for the purpose of distribution, as of the date of the wife's commencing the first proceeding. However, it was error not to allow financial discovery for the period following that date, to the extent such discovery is relevant in determining the husband's ability to pay alimony and child support. This evidence is patently necessary for the wife to rebut the husband's affidavit of income and to enable the trial court to make a fully informed decision as to issues of alimony and child support. E.g., Miller v. Schou, 616 So.2d 436 (Fla. 1993).
As to all other issues, we find no error or abuse of discretion. The final judgment is reversed and remanded for further proceedings.
POLEN and STEVENSON, JJ., concur.