PARIENTE, Judge.
We affirm the order under review. However, in so doing we construe the order to have effected only a temporary change in custody from shared parental responsibility to sole parental responsibility and only a temporary suspension in the former husband’s right to visit with his children. It appears clear that the trial court, dealing with the escalating acrimonious relations between the parents and the effect of the former husband’s behavior on the child, sought to institute a stop-gap measure until psychological evaluations were performed. See Brago v. Brago, 604 So.2d 866 (Fla. 3d DCA 1992). Although the issue of visitation was before the trial court, the former wife had not requested a modification of custody. A permanent change of custody could only be ordered after proper pleadings have been filed and the opposing party duly noticed of the relief being sought. See Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981); Brago; Cenate v. Cenate, 528 So.2d 961 (Fla. 1st DCA 1988).
With this caveat, the order on appeal is otherwise affirmed in all respects.
WARNER and SHAHOOD, JJ., concur.