SHAHOOD, Judge.
This is an appeal by the former wife, Je-nine McCormick, from a final order of the court ratifying and approving the report of the heating officer which recommended a reduction in the former husband’s child support obligation. Because the trial court refused to allow appropriate discovery by appellant we reverse and remand with directions to the trial court to permit appellant to conduct additional discovery.
The marriage of the parties was dissolved by final judgment dated November 19, 1993. Pursuant to the judgment, the former husband was ordered to pay child support in the amount of $500 per month. On August 7, 1995, .the former husband filed a Petition for Modification of Child Support seeking a downward modification of his child support obligation. In support of his petition, he reported a substantial diminution of his income from the time of the final hearing.
The former wife sought to discover information regarding the former husband’s salary, employment, and assets; however, he failed to provide it. Thereafter, the former wife investigated and learned that the company for which the former husband claims to work is not listed in the corporate records, and the only address for the company is a post office box registered to his present wife. The' former wife’s request to depose the present wife was met with a protective order. As a result, the former wife sought a continuance of the modification hearing to enable her to conduct discovery. The trial court denied the motion, and ordered the parties to set a date before a general master.
At the hearing, the former husband testified that at the time of the dissolution he was self employed as a marine electrician. He claimed that the $2,200.00 per month income which he had reported at the time of the dissolution has now diminished to a mere $300.00 per week. He is employed as a marine electrician for Caribbean Marine Electric, a company in which his current wife has an interest. According to the former husband, his current wife contributed her own, non-marital funds into the company; he did not know how much of an interest his current wife had in the business or who else owned any interest. He claimed that he did not have an ownership interest in the business. The phone for the company rings at his home, and the company has no other location other than his own residence.
In addition, the former husband testified that subsequent to the dissolution hearing he had received approximately $28,000.00 from the sale of his home, had deposited the money into a joint account with his current wife, and had spent all of the money to pay bills which he had incurred.
The hearing officer expressed his concern over the lack of evidence, as follows:
Well, I’m concerned about the nature of Mr. Boyd’s employment, his employer, and the fact that it is the wife basically with one or more partners whom he doesn’t know who runs this company. I assume she’s the one determining his salary, but we don’t know that. We don’t know a lot of things that I would like to know.
Unfortunately, based upon the previous rulings, it doesn’t look like we’re going to know this. And Mr. Boyd, I find it odd, *656 but he’s testified that he doesn’t know these things either. As a result I can’t speculate as to what the answers to the questions might be.
So the only thing I have left to go on is the evidence that’s been presented. The evidence that’s been presented is consistent with what’s in the financial affidavit.
The hearing officer entered a report recommending that the former husband’s petition be granted and that his monthly child support obligation be reduced from $500.00 to $246.75. The trial court ratified and approved the hearing officer’s report. We reverse.
In this case, the only evidence to support the former husband’s claim that there has been a substantial change in his financial situation was his own, self-serving testimony. He failed to produce any documentation to corroborate his testimony despite the former wife’s numerous attempts to take discovery. Although parties are not at liberty to seek unduly burdensome and costly financial disclosure, some disclosure is essential for the trial court to make an informed determination of the appropriate amount of child support. Miller v. Schou, 616 So.2d 436 (Fla.1993); see also Leon v. Leon, 652 So.2d 1164, 1165 (Fla. 4th DCA 1995) (error not to allow financial discovery for period following date of valuation of assets since such discovery is relevant in determining the husband’s ability to pay child support and is “patently necessary for the wife to rebut the husband’s affidavit of income and to enable the trial court to make a fully informed decision as to issues of alimony and child support”).
The extent to which discovery is permitted is within the trial court’s discretion. Miller, 616 So.2d at 439. In this case, it was an abuse of that discretion to modify the former husband’s support obligation prior to disclosure of his financial situation.
We hold that it was not error, however, to deny the former wife’s request to depose the present wife. In Schneider v. Schneider, 348 So.2d 612, 613 (Fla. 4th DCA 1977), this court stated the following with regard to discovery of a current spouse’s assets:
Unless there is some showing on the part of the wife that the husband terminated or reduced his employment in order to keep from paying alimony and that he was relying upon his present wife for his living expenses in completion of the scheme, we can see no possibility of relevance concerning the present spouse’s income.
(emphasis added). In Hayden v. Hayden, 662 So.2d 713, 716 (Fla. 4th DCA 1995), we elaborated on Schneider as follows:
[Schneider ] sets the standard of relevance for discovery of the present spouse’s income. To that we would add that if there is a showing that the husband has transferred significant assets to the wife’s name, and as a result has no assets of his own with which to satisfy his support obligations, then the present wife’s finances are relevant to the question of the ability of the husband to pay alimony and child support to the former spouse. We cannot condone the voluntary and deliberate divestment of assets by the husband when he is obligated to pay support to his former wife and children.
Under the facts of this particular case, it is difficult to ascertain whether the Hayden prerequisites have been met since the former husband has failed to provide any discovery. Thus, allowing the former wife to depose the present wife at this time would be premature.
We therefore reverse the order modifying the former husband’s child support obligation, and remand with directions to the trial court to permit appropriate discovery.
REVERSED AND REMANDED.
PARIENTE, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.