COPE, J.
(dissenting).
I would remand for a new hearing. The appellant grandmother had court-ordered supervised visitation for her three minor grandchildren. She filed a motion seeking to be granted more liberal unsupervised visitation.
In the meantime, the appellee Department of Children and Family Services had obtained orders terminating the parental rights of the parents of the three grandchildren. By agreement of counsel, the trial court heard the grandmother’s request for additional visitation rights at the same time as the disposition hearing on the termination of parental rights.
At that hearing, the Department announced for the first time that it was seeking to terminate all of the grandmother’s visitation rights. The grandmother’s counsel objected to the lack of notice. The trial court overruled the objection and after hearing testimony, terminated the grandmother’s visitation rights. The grandmother has appealed.
The Department takes the position that at any disposition hearing after termination of parental rights, it is true as a matter of law that the question of termination of the visitation of rights of relatives is before the court. See § 39.469(7), Fla. Stat. (1997).[1] However, at the time this case was adjudicated, the 1997 statutes were applicable. The legislature had conferred special rights on grandparents including the following: “The termination of parental rights does not affect the rights of grandparents.” Id. § 39.475.
That being so, this case is governed by this court’s decision in Brago v. Brago, 604 So.2d 866 (Fla. 3d DCA 1992). In Brago the grandmother had come before the court on a motion to enforce a grandparent visitation order. At the hearing the trial court took up a request to terminate the grandmother’s visitation rights, even though there had been no notice, and even though the grandmother objected. See id. This court reversed because of the lack of notice. See id. at 866-67. Similarly here, the grandmother’s lack-of-notice argument is well taken.[2]
*996 The order should be reversed and the cause remanded for a new hearing.

. Under section 39.469(7), the court has the power to authorize contact by parents or relatives with the child, even after termination of parental rights, if in the best interest of the child.

. In 1998, the legislature amended section 39.475, Florida Statutes, and amended and renumbered what is now section 39.509, Florida Statutes (Supp.1998). Whether the result would be the same under the amended statutes is not before us.