840 So.2d 449 (2003)
Tricia FUCHS, Appellant,
v.
Randy FUCHS, Appellee.
No. 4D02-2542.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
*450 Bernardo Burstein of Bernardo Burstein, P.A., Miami, and Alan Jay Braverman of Braverman & Rossi, Fort Lauderdale, for appellant.
Sandor F. Genet of Sandor F. Genet & Associates, P.A., North Miami Beach, for appellee.
*451 POLEN, C.J.
This is an appeal from an order granting a husband's motion for temporary financial relief. On appeal, the wife raises three arguments. One, the trial court erred by entering an order after a motion disqualifying the judge had been granted. Two, the hearing on this motion violated her due process rights. Three, the trial court's order was unsupported by record evidence. We agree with the wife on all three points and hereby vacate the order entered on June 11, 2002.
Initially, the wife alleges that it was improper for the trial judge to enter an order after having previously entered an order of disqualification. We agree. A petition for dissolution was filed in this matter on February 7, 2002. In the wake of numerous motions addressing financial and custody issues, the judge appointed a guardian ad litem and allowed the husband to proceed with his motion for temporary financial relief, but not on the issue of temporary custody.
On April 17, 2000, a hearing was held on the motion for temporary financial relief. The record indicates that the hearing did not allow for witnesses to testify, no evidence was admitted and parties did not have the opportunity to cross examine one another. Moreover, the transcript shows that the hearing on the temporary financial support turned into a hearing on other matters, including child custody.
Unhappy with the way the hearing was conducted, on May 31, 2002, the wife filed a motion to disqualify the judge. Although the record curiously reflects an order granting this motion on June 5, 2002, and a second identical amended order granting this motion on June 11, 2002, the bottom line is that the motion was granted.
On June 11, 2002, counsel for the husband submitted a proposed order. Although the wife objected to the order, the judge erroneously entered the order without modification on June 18, 2002.
We recognize that it is permissible for a disqualified judge to reduce earlier rulings to writing. See Fischer v. Knuck, 497 So.2d 240 (Fla.1986). However, we find that this order went beyond the permissible ministerial act contemplated in Fischer. The order sets forth findings and conclusions that were not made at the hearing. Furthermore, the transcript is unclear as to what conclusions were made at the hearing.
In this case we find that after having received the proposed order from the husband, the judge would be required to exercise some element of discretion in determining if the order properly reflected the conclusions of the court. See, e.g., Berry v. Berry, 765 So.2d 855 (Fla. 5th DCA 2000). As a result, we hold that the entry of this order went beyond the ministerial act a disqualified judge is allowed to do and therefore the order was entered erroneously. As a result, we hereby vacate the order.
The wife's second argument was that the hearing violated her due process rights. Once again, we agree. This court has held that the "general rule is that a court cannot determine matters not noticed for hearing and not the subject of appropriate pleadings." (Hart v. Hart, 458 So.2d 815 (Fla. 4th DCA 1984)(internal citations omitted)(citing Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981))). In Hart, this court noted a clear violation of due process where an order was entered on permanent custody following a hearing noticed as a temporary custody hearing. Id. at 816. In this case, the notice given was for a hearing on the husband's motion for temporary financial relief. However, the trial court opened the discussion up to *452 issues relating to child custody and child support. Moreover, the order provides a visitation schedule and orders the parties to attend family counseling. Clearly, the extent of this hearing, and the provisions of the order, go well beyond those contained in the notice and therefore we agree that the wife's due process rights were violated.
Last, we find the wife's argument that the order is not supported by evidence in the record persuasive as well. In Leon v. Leon, 616 So.2d 633 (Fla. 4th DCA 1993), this court noted that "the entry of a temporary support award without the parties having a full opportunity to be heard may not be error so long as (1) there is an immediate need for support tantamount to an emergency; (2) the temporary award is not per se unreasonable; and (3) the trial judge sets another hearing at a later date to finish testimony." Those conditions did not exist in this case. Thus, it was error for the trial court to conduct a hearing in a manner that prohibited the parties the opportunity to be fully heard. There was no formal testimony taken, no witnesses were put under oath and parties were not able to cross examine anyone. As a result, we conclude that the record does not contain evidence that supports the trial court's order. This too supports our conclusion to vacate the order.
The wife has also made a motion for appellate attorney's fees. This court has previously held that "[W]hen we grant a motion for appellate attorney's fees founded on section 61.16, we have no way of knowing how great is the need to equalize the access to legal services, nor how great is the ability to pay. In one case the need may be modest but the ability unlimited; while in another the need may be great but the ability modest; in still another the need and ability are similar; and in yet another there may be little or no need or ability. All of these permutations are for the finder of fact, the trial court, to sort out." Gerhardt v. Gerhardt, 738 So.2d 485 (Fla. 4th DCA 1999).
This court's inability to accurately determine the wife's need for fees, as well as the husband's ability to pay, is further complicated in this case due to the incomplete record regarding the financial positions of the parties. Therefore, we grant the motion but remand this issue back to the trial court for consideration under Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
GUNTHER and HAZOURI, JJ., concur.