PER CURIAM.
The former wife appeals from dismissal of her petition to modify support. The single issue in this appeal is whether the trial court improperly ruled on the former wife’s petition when the only matter set for hearing was the former husband’s petition to modify support. She argues that she was denied due process because the notice of hearing did not place her on notice that her petition would be heard. We agree and reverse.
In observing the requirements of due process of law, the opportunity to be heard must be full and fair.... The notice required for any proceeding which may produce a final result is “notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.”
Hart v. Hart, 458 So.2d 815, 816 (Fla. 4th DCA 1984) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)) (citations omitted). Here, there is no dispute that the notice of hearing designated only the former husband’s petition for hearing. The trial court erred in ruling on a matter that was not noticed for hearing.
FARMER, C.J., GUNTHER and MAY, JJ., concur.