PER CURIAM.
James H. Sullivan, III (Gainesville), for Home School Legal Defense Association, as amicus curiae.
Therese Cano n/k/a Therese Masters (the “mother”) appeals from a supplemental final judgment on petition for modification of parenting plan, arguing that the trial court abused its discretion in ordering the children to attend public school. We agree and reverse solely on that ground.[1]
*652 The mother is correct that the father did not seek a modification of the final judgment of dissolution to provide that the children attend public school. Indeed, in his petition for modification, the father requested “that the court modify the time-sharing and allow the Father to have the majority of the timesharing with the children in Miami, Florida.” As such, it is undisputed that the father’s petition did not request that the children attend public school rather than continue with homeschooling.
“[T]he general rule is that a court cannot determine ‘matters not noticed for hearing and not the subject of appropriate pleadings.’” Hart v. Hart, 458 So.2d 815, 816 (Fla. 4th DCA 1984) (quoting Fickle v. Adkins, 394 So.2d 461, 462 (Fla. 3d DCA 1981)). To grant unrequested relief is an abuse of discretion. Abbott v. Abbott, 98 So.3d 616 (Fla. 2d DCA 2012).
In this case, neither party was advised that the hearing in question would result in a permanent determination involving the children’s schooling. Accordingly, we reverse the order in question and remand with directions to the trial court to conduct a final hearing after due notice on the issues pertaining to the education of the children in accordance with Florida’s shared responsibility law.[2]
REVERSED AND REMANDED.

. Because we are remanding for a new trial, the father, Alejandro Cano’s cross-appeal is *652 moot.

. Nothing in this opinion shall be construed as permitting the removal of the children from public school pending the trial court's entry of a final order.