NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNETH BOEHM,                                 )
                                               )
              Appellant,                        )
                                               )
v.                                             )       Case No. 2D15-5531
                                               )
DEBRA BOEHM,                                   )
                                               )
              Appellee.                         )
                                               )
_____)

Opinion filed November 30, 2016.

Appeal from the Circuit Court for
Manatee County; Janette Dunnigan,
Judge.

David L. Hurvitz of Law Office of David
Hurvitz P.A., Tampa, for Appellant.

Kenneth Boehm, pro se.

Jennifer A. McClain of Dent & McClain,
Chartered, Sarasota, for Appellee.


CRENSHAW, Judge.

          Kenneth Boehm appeals an order granting the former wife's motion for

contempt and denying the former husband's second amended petition to modify

alimony.  We affirm without comment the trial court's order finding the former husband in

contempt, but we reverse the portion of the final judgment denying the former husband's petition to modify alimony.

The final judgment of dissolution was entered in August 2010. In August 2015, the former wife filed a third motion for contempt to enforce the final judgment and a prior contempt order. The former husband later filed a second amended supplemental petition to modify alimony and child support due to a substantial change in circumstances.

At a November 9, 2015 hearing, the trial court declared it would hear only the former wife's contempt motion. As to the former husband's second amended supplemental petition for modification, the trial court stated, "[t]hat I will hear at the appropriate time." Despite the trial court's indication that the former husband's petition for modification would be considered at a future hearing, the final order on appeal summarily denies it. This was error. Cf. Bolton v. Bolton, 462 So. 2d 587, 588 (Fla. 2d DCA 1985) (concluding that the trial court's denial of a petition for modification of child support without an evidentiary hearing violated the former husband's due process rights). We reverse this portion of the order and remand for a hearing on the former husband's petition for modification.

Affirmed in part; reversed in part; remanded.

WALLACE and KHOUZAM, JJ., Concur.