# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1237
Lower Tribunal No. 23-19681-FC-04

————————————

**Francisco Phara,**
Appellant,

vs.

**Selena Robert,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Francisco Phara, in proper person.

Selena Robert, in proper person.

Before FERNANDEZ, SCALES and GORDO, JJ.

GORDO, J.

Francisco Phara ("Father") appeals a final judgment awarding child support to Selena Robert ("Mother"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no abuse of discretion in the child support award, we affirm.

## I.

After separating from the Mother, the Father petitioned for a determination of paternity, parental responsibility, a parenting plan, a time-sharing schedule and child support. The Mother filed a response, seeking child support and shared custody. Both parties submitted financial affidavits. In addition, the Mother provided her W-2 forms, pay stubs and tax returns. Following a final hearing, the trial court awarded monthly child support from the Father in the amount of $814.82. This appeal followed.

## II.

"The standard of review for a child support award is abuse of discretion." Smith v. Loffredo-Smith, 230 So. 3d 898, 899 (Fla. 4th DCA 2017).

## III.

On appeal, the Father argues the trial court abused its discretion in awarding child support, asserting the Mother failed to provide mandatory financial disclosures. We find this argument meritless.

The record before us shows that both parties submitted financial affidavits. The Mother also provided her pay stubs, W-2 forms and tax returns. The trial court calculated child support in accordance with the Florida Child Support Guidelines, basing its determination on both parties' reported incomes. After reviewing the financial affidavits and disclosures, the court allocated 68% of the support obligation to the Father, reflecting his higher income, and 32% to the Mother, further finding that the Father had the ability to pay.[1] Because the Mother complied with mandatory financial disclosure requirements and the trial court properly applied the Florida Child Support Guidelines based on the financial records provided, we find that no abuse of discretion occurred. See Fla. Fam. L. R. P. 12.285(d)(1)-(4) ("In any proceeding for temporary financial relief . . . for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents must be served on the other party . . . A financial affidavit . . . All complete federal and state personal income tax returns . . . IRS forms W-2 . . . Pay stubs or other evidence of earned income . . . ."); McCormick v. Boyd, 693 So. 2d 654, 656 (Fla. 4th DCA 1997) ("Although parties are not at liberty to seek unduly burdensome and costly financial

---

[1] The Florida Child Support Guidelines recommended a minimum child support amount of $1,193.00 per month, apportioning 68% to the Father and 32% to the Mother based on their reported incomes.

3

disclosure, some disclosure is essential for the trial court to make an informed determination of the appropriate amount of child support. The extent to which discovery is permitted is within the trial court's discretion."); Delosreyes v. Delosreyes, 392 So. 3d 128, 133 (Fla. 4th DCA 2024) ("A trial court is required to determine the net income of each parent when determining a child support award . . . and the court must include adequate findings of such in the final judgment. Section 61.30 establishes a guidelines schedule that a trial court is required to apply in determining an award of child support, and a trial court's findings regarding the parties' incomes are necessary for an appellate court to determine if the child support award is a departure from the child support guidelines and, if so, whether the departure from the guidelines is justified." (quoting Carmack v. Carmack, 277 So. 3d 185, 186 (Fla. 2d DCA 2019))); Pedroza v. Pedroza, 779 So. 2d 616, 618-20 (Fla. 5th DCA 2001) ("A child support determination is within the sound discretion of the trial court, subject to statutory guidelines and a reasonableness test. A temporary award in a domestic setting is an area in which the trial court enjoys the greatest discretion. Support calculations are predicated on net income . . . the trial court did not err in setting [the Father's] temporary child support obligation at $2,636.50 per month.").

Affirmed.

4