# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1990
Lower Tribunal No. 2022-DR-000920
_____

ELLEN-ROSE FITZGERALD f/k/a ELLEN-ROSE DOSTIE,

Appellant,

v.

JAMES JOSEPH DOSTIE, JR.,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
Hal C. Epperson, Jr., Judge.

April 16, 2026

SMITH, J.

Ellen-Rose Fitzgerald ("Fitzgerald") appeals a final judgment on a supplemental petition for modification of a parenting plan, arguing that the trial court erred in ordering permanent relief following a hearing noticed for temporary relief. We agree and reverse.

Fitzgerald's supplemental petition requested both temporary and permanent relief as to relocation with her children following an out-of-state job offer. Prior to the hearing, Fitzgerald received a hearing notice clearly stating the following:

"MATTERS: RESPONDENT'S SUPPLEMENTAL PETITION TO PERMIT RELOCATION WITH MINOR CHILD – TEMPORARY RELIEF. Date: July 17, 2024." However, from this temporary relief hearing, the trial court issued an order granting permanent relief. Fitzgerald filed a motion for rehearing, pointing out that among other issues, there was a discrepancy between the hearing notice and relief granted. The trial court's order on rehearing addressed some of Fitzgerald's bases for rehearing, but did not address the issue of the permanency of the order.

"[T]he general rule is that a court cannot determine 'matters not noticed for hearing and not the subject of appropriate pleadings.'" *Cano v. Cano*, 140 So. 3d 651, 652 (Fla. 3d DCA 2014) (quoting *Hart v. Hart*, 458 So. 2d 815, 816 (Fla. 4th DCA 1984)); *see also Lentz v. Lentz*, 414 So. 2d 292, 292 (Fla. 2d DCA 1982). Failure to provide adequate notice of the relief to be granted is a clear due process violation. *Hart*, 458 So. 2d at 816.

The July 17, 2024 hearing was noticed only for temporary relief, yet the final order produced a permanent result. The relief granted was beyond the scope of the notice of hearing. Accordingly, we affirm the trial court's order to the extent it grants temporary relief, we reverse the order to the extent it grants permanent relief, and we remand with directions for the trial court to conduct a final hearing on the matter of permanent relief relative to Fitzgerald's relocation request.

AFFIRMED in part, REVERSED in part, and REMANDED.

2

STARGEL, WOZNIAK and SMITH, JJ., concur.

Allison M. Perry, of Florida Appeals, P.A., Tampa, for Appellant.

Stacy J. Ford, of Litigation & Appeals Advocacy, PLLC, St. Cloud, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED